Peter B. Fredman (Cal. Bar No. 189097)
LAW OFFICE OF PETER FREDMAN PC
2930 Domingo Ave, Suite 227
Berkeley, CA 94705
Telephone: (510) 868-2626
Facsimile: (510) 868-2627
peter@peterfredmanlaw.com

Pamela D. Simmons (Cal. Bar No. 160523)
William J. Purdy (Cal. Bar No. 96027)
LAW OFFICE OF SIMMONS & PURDY
2425 Porter Street, Suite 10
Soquel, California 95073
Tel: (831) 464-6884
Fax: (831) 464-6885
E-mail: pamela@pamelaw.com

Attorneys for Plaintiffs/Counterdefendants
REGINALD and RHONDA DRAKEFORD

BUCHALTER, A Professional Corporation
JASON E. GOLDSTEIN (SBN: 207481)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: jgoldstein@buchalter.com

Attorneys for Defendants/Counterclaimants
CAPITAL BENEFIT, INC., MARCEL
BRUETSCH, ROBERT V. WILLIAMS,
TRUSTEE OF THE WILLIAMS FAMILY
TRUST DATED SEPTEMBER 17, 1999,
WALTRAUD M. WILLIAMS, TRUSTEE OF
THE WILLIAMS FAMILY TRUST DATED
SEPTEMBER 17, 1999 and RICHARD
WESTIN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD and RHONDA DRAKEFORD, husband and wife;<br><br>        Plaintiffs,<br><br>    vs.<br><br>CAPITAL BENEFIT, INC., a California company; MARCEL BRUETSCH, an individual; ROBERT V. and WALTRAUD M. WILLIAMS, individually and as Trustees of the Williams Family Trust; RICHARD WESTIN, an individual, and DOES 1 through 100, inclusive;<br><br>        Defendants.<br><br>AND COUNTERCLAIM | Case No. 20-04161-WHO<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Complaint Filed: May 28, 2020<br>Complaint Removed: June 24, 2020<br><br>Pretrial Conference: April 5, 2021 at 2 p.m.<br>Trial Date: April 26, 2021 |

**Judicial Council of California Civil Jury Instructions (CACI)**
**(Joint List)**
202     Direct and Indirect Evidence
204     Willful Suppression of Evidence
220     Experts Questions Containing Assumed Facts
221     Conflicting Expert Testimony
223     Opinion Testimony of Lay Witness
300     Breach of Contract
303     Breach of Contract
312     Substantial Performance
316     Interpretation-Meaning of Technical Words
360     Nominal Damages
1900    Intentional Misrepresentation
1901    Concealment
1903    Negligent Misrepresentation
1904    Opinions as Statements of Fact
1906    Misrepresentations Made to Persons Other Than the Plaintiff
1907    Reliance
1908    Reasonable Reliance
1923    Damages – "Out of Pocket" Rule
1923    Damages – "Out of Pocket" Rule
3901    Introduction to Tort Damages
3902    Economic and Noneconomic Damages
3905    Items of Noneconomic Damage
3905A   Mental Suffering and Emotional Distress
3940    Punitive Damages Individual Defendant      (Marcel Bruetsch only)
3945    Punitive Damages Entity Defendant          (Capital Benefit only)
4100    Fiduciary duty explained
4101    Failure to Use Reasonable Care
4102    Duty of Undivided Loyalty
4107    Duty of Disclosure by Real Estate Broker to Client
4111    Constructive Fraud


**Plaintiffs' Proposed Special Instructions (attached with Defendants objections)**
1       Bruetsch and Capital Benefit Owed Fiduciary Duties as a Matter of Law
2       Fiduciary Duty to Place Drakefords' Economic Interests Above Their Own
3       Fiduciary Duty to Explain Loan Terms to the Drakefords
4       Fiduciary Duty That Bruetsch and Capital Benefit Owed to Lenders is Irrelevant
5       The Drakefords Did Not Owe Defendants Any Fiduciary Duty or Duty of Care
6       Mayer Was Not Drakeford's Agent or Representative
7       Bruetsch Was Not Allowed To Rely On Mayer
8       If Finder's Exception Does Not Apply, Then Bruetsch Violated Real Estate Law
9       Nominal Damages May Be Awarded For Breach Of Fiduciary Duty
10      Introduction to the Rosenthal Act
11      The Rosenthal Act Applies to Loans Used Primarily for Personal, Family, or Household Purposes
12      Mortgage Servicing and Foreclosure Are Debt Collection
13      Rosenthal Act Violations

14      Rosental Act is Strict Liability
15      Least Sophisticated Debtor Standard
16      Rosenthal Act Construed Broadly
17      Introduction to TILA
18      Whether TILA Applies (consumer or business)
19      TILA is Strict Liability/Construed In Favor of Consumer
20      Where Sophisticated Consumer Takes Deliberate Steps to Mislead
21      Stated Purpose Does Not Control If Device To Evade TILA Requirements
22      Documents Do Not Control Whether Loan Is Covered By TILA
23      TILA Damages For Failure To Honor Rescission
24      RESPA foreclosure waiting time violation
25      RESPA Damages
26      The Judge Will Instruct Whether Default Interest Provision is Legal
27      Jury Decides Wjhether Default Interest Provision Is Legal
28      Hearsay Instruction: Bruetsch's Testimony Not Evidence of What Drakeford Said


**Defendants' Proposed Special Instructions (attached with Plaintiffs' objections)**
1       TILA – Burden of Proof
2       TILA - When Classifying A Loan
3       TILA - Business Purpose Exemption
4       TILA – 5 Factors Why May Be Considered
5       TILA – Stated Use Will Control
6       TILA – Deliberate Steps To Mislead
7       TILA - Unintentional Violation
8       TILA - Unintentional Violation Based On Reliance On Consumer
9       RESPA
10      RFCDPA
11      RFDCPA
12      The Loan's Interest Rate Is Proper
13      Late Fees And Default Interest Are Proper
14      Liquidated Damages Are Presumptively Valid
15      It Is A Crime To Make False Representations In A Loan Application
16      Misrepresentation to a Creditor
17      Material Misrepresentation to a Creditor
18      Fraudulent Intent May Be Inferred
19      Reliance May Be Inferred
20      Reliance Established
21      Reliance can be established through an agent
22      Negligent Misrepresentation May Be Established Through Statements Made To A Third Person
23      Intent Is Not Required For A Valid Negligent Misrepresentation Claim
24      Negligent Misrepresentation Exists When Contrary Information Was In Possession
25      Unclean Hands
26      Doctrine of Estoppel
27      Estoppel by Silence or Inaction

**PLAINTIFFS' PROPOSED SPECIAL JURY INSTRUCTIONS**

Plaintiffs' Special Instruction No. 1

<u>Marcel Bruetsch and Capital Benefit Owed The Drakefords Fiduciary Duties</u>

It is established as a matter of law that Defendants Marcel Bruetsch and Capital Benefit were fiduciaries to the Drakefords in the loan transaction and therefore owed the Drakefords various fiduciary duties that we shall describe.

Authority:

Order re Summary Judgment, 2/10/2021, Dkt. No. 52 ("defendants Bruetsch and Capital Benefit were fiduciaries to the Drakefords in the loan transaction"); Cal. Civ. Code § 2923.1; *Wyatt v. Union Mortgage Co., 24* Cal.3d 773, 782 (1979); Ex. __ (Lender-Borrower Escrow Instructions).

___ Given

___ Refused

___ Withdrawn

**[Defendants' Objections:  The established as a matter of law is unnecessary and argumentative.]**

Plaintiffs' Special Instruction No. 2

<u>Fiduciary Duty to Place The Drakefords' Economic Interests Above Their Own</u>

This fiduciary duty that Defendants Marcel Bruetsch and Capital Benefit owed to the Drakefords included a requirement that they place the economic interest of the Drakefords ahead of their own economic interest. They owed this fiduciary duty to the Drakefords regardless of whether they were acting as an agent for any other party in connection with the loan transaction.

Authority:

Cal. Civ. Code § 2923.1

___ Given

___ Refused

___ Withdrawn

**[Defendants' Objections:  "they explain" should be replaced with "full and accurate disclosure of" as per *Wyatt* at page 782]**

Plaintiffs' Special Instruction No. 3

Fiduciary Duty to Explain Loan Terms To The Drakefords

This fiduciary duty that Defendants Marcel Bruetsch and Capital Benefit owed to the Drakefords included a requirement that they explain the terms of the loans to the Drakefords.


Authority:

*Wyatt v. Union Mortgage Co.* 24 Cal.3d 773, 782 (1979).

___ Given

___ Refused

___ Withdrawn


**[Defendants' Objections:  The "is Irrelevant" in the title and, "However, this fact is irrelevant to the Drakefords' claims in this case" is unnecessary and not supported by *Wyatt*.]**

Plaintiffs' Special Instruction No. 4

<u>Fiduciary Duty to the Lender Defendants is Irrelevant</u>

It is undisputed that Defendants Marcel Bruetsch and Capital Benefit also owed fiduciary duties to the lender defendants in this case, Robert and Waltraud Williams and Richard Westin. However, this fact is irrelevant to the Drakefords' claims in this case.

Authority:

*Wyatt v. Union Mortgage Co.* 24 Cal.3d 773, 782 (1979).

___ Given

___ Refused

___ Withdrawn

**[Defendants' Objections:  This is irrelevant and unnecessar to the Drakefords' claims in this case" and is not supported by *Wyatt*.]**

Plaintiffs' Special Instruction No. 5

<u>The Drakefords Did Not Owe Defendants Any Fiduciary Duty or Duty of Care</u>

It is established as a matter of law that the Drakefords did not owe any of the defendants any fiduciary duty or duty of care.


Authority:

Order re Summary Judgment, 2/10/2021, Dkt. No. 52; Cal. Civ. Code § 2923.1; *Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773, 782 (1979); Ex. __ (Lender-Borrower Escrow Instructions).

**[Defendants' Objections:  This is not a correct statement of the law.  I cannot do the research at this hour.  Plaintiffs had a duty to make truthful representations including as a result of Rhonda's fiduciary duties as a broker]**


___ Given

___ Refused

___ Withdrawn

Plaintiffs' Special Instruction No. 6

<u>Fred Mayer Was Not The Drakefords Agent</u>

It is established as a matter of law that Fred Mayer was not the Drakefords' agent or representative.  The Drakefords have no responsibility for anything that he may have misstated to the Defendants.


Authority:

Order re Summary Judgment, 2/10/2021, Dkt. No. 52 ("Defendants argued that Mayer should be considered the agent of the Drakefords but none of the facts adduced by defendants or plaintiffs support an agency theory under California law.")


___ Given

___ Refused

___ Withdrawn


**[Defendants' Objections:  This is not supported by California law or the Order, which Order held, "The only issued presented that can be resolved at this juncture, given the uncontradicted deposition testimony of Mayer and Bruetsch and authority cited by plaintiffs, is that defendants Bruetsch and Capital Benefit were fiduciaries to the Drakefords in the loan transaction."]**

Plaintiffs' Special Instruction No. 7

Bruetsch Was Not Allowed To Rely On Mayer To Determine Purpose of Loan

It is unlawful, a misdemeanor, and grounds for license revocation for a mortgage broker, like Mr. Bruetsch, to pay an unlicensed person, like Mr. Mayer, for performing any act within the scope of California's real estate law. A "finder's exception" may apply where the unlicensed person does nothing but make the introduction of the potential borrower to the mortgage broker.

Because Mr. Mayer was unlicensed, Mr. Bruetsch was not entitled to rely on Mr. Mayer to perform any act related determining the purposes of the loan. Mr. Bruetsch was required to determine the purpose of the loan himself.

Authority:

Cal. Bus. & Prof. Code §§ 10137-10138; *Tyrone v. Kelley,* 9 Cal.3d 1, 8 (1973).


___ Given

___ Refused

___ Withdrawn

**[Defendants' Objections:  This instruction was not exchanged timely and I cannot do the research at this hour, but this is not a correct statement of the law and is argumentative]**

Plaintiffs' Special Instruction No. 8

<u>If Finder's Exception Does Not Apply Then Bruetsch Violated The Law By Paying Mayer</u>

It is unlawful, a misdemeanor, and grounds for license revocation for a mortgage broker, like Mr. Bruetsch, to pay an unlicensed person, like Mr. Mayer, for performing any act within the scope of California's real estate law. A "finder's exception" may apply where the unlicensed person does nothing but make the introduction of the potential borrower to the mortgage broker.  In order for the "finder's" exception to apply, the unlicensed person must not have affirmatively solicited the borrowers or otherwise performed any act requiring a mortgage broker's license.

If you find that the finder's exception does not apply, then you may conclude that Mr. Bruetsch violated California law by paying Mr. Mayer.

Authority:

Cal. Bus. & Prof. Code §§ 10137-10138; *Tyrone v. Kelley,* 9 Cal.3d 1, 8 (1973).

___ Given

___ Refused

___ Withdrawn

**[Defendants' Objections:  This instruction was not exchanged timely and I cannot do the research at this hour, but this is not a correct statement of the law and is argumentative]**

Plaintiffs' Special Instruction No. 9

<u>Award of Nominal Damages For Breach of Fiduciary Duty If Actual Damages Are Too Hard To Quantify</u>

If you determine that Marcel Bruetsch and Capital Benefit breached their fiduciary duty to the Drakefords, but that the Drakefords' actual damages are too difficult to quantify, than you may award nominal damages of $1.

Authority:

*Lane v. Hughes Aircraft Company,* 22 Cal.4th 405, 417-18 (2000); *Werschkull v. United California Bank*, 85 Cal.App.3d 981, 1009 (1978)

___ Given

___ Refused

___ Withdrawn

**[Defendants' Objections:  This instruction was not exchanged timely and I cannot do the research at this hour.  I reserve my right to object substantively]**

Plaintiffs' Special Instruction No. 10

<u>Introduction to the Rosenthal Act</u>

The Drakefords allege that the Defendants Marcel Bruetsch and Capital Benefit, Inc. are debt collectors who engaged in efforts to collect a consumer debt in a manner that violates the California Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act").

To prevail on this claim, the Drakefords must prove the following:

1. That the mortgage was a consumer debt.
2. That Mr. Bruetsch and Capital Benefit engaged in conduct that is prohibited by one or more provisions of the Rosenthal Act.

The mortgage in this case is a consumer debt if the Drakefords used the loan proceeds primarily for personal, family, or household purposes.


Authority:

Civ. Code 1788.2(b), (c), (f);  Civ. Code § 1788.17; (15 USC § 1692e, e(2)(A), e(4), (e)(5), (e)(10),  1692f, f(1), f(6));  *Corvello v. Wells Fargo Bank N.A.,* 728 F.3d 878, 885 (9th Cir. 2013);  *Reyes v. Wells Fargo Bank, N.A., 2011* WL 30759, 59  2011 U.S. Dist LEXIS 2235, *59 (N.D. Cal. January 3, 2011);  *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355 (6th Cir. 2012).


\_\_\_ Given

\_\_\_ Refused

\_\_\_ Withdrawn


**[Defendants' Objections:  The use of the loan proceeds is not the dispositive issue.  Also, this should include a statement that Marcel Bruetsch and Capital Benefit, Inc. deny these allegations]**

Plaintiffs' Special Instruction No. 11

<u>The Rosenthal Act Applies To Loans Used Primarily For personal, family, or household purposes.</u>

The loan at issue in this case is a consumer debt if the Drakefords used the loan primarily for personal, family, or household purposes.

The purchase of a home and making improvements thereon is personal, family, or household purposes.

The loan was primarily personal, family, or household purposes if the Drakefords spent more than 50% of it for personal, family, or household purposes.


Authority:

Civ. Code 1788.2(b), (c), (f); *In re Kelly,* 841 F.2d 908, 913 (9th Cir. 1988).


___ Given

___ Refused

___ Withdrawn

**[Defendants' Objections:  This instruction may not have been exchanged timely.  The use of the loan proceeds is not the dispositive issue.  Also, this should include a statement that Marcel Bruetsch and Capital Benefit, Inc. deny these allegations.  I reserve my right to further object.]**

Plaintiffs' Special Instruction No. 12

<u>Mortgage Servicing and Foreclosure Is Debt Collection Under Rosenthal Act</u>

Collecting mortgage payments is "debt collection" whether they are late or not.

Pursuing foreclosure is also a means of collecting a debt.


Authority:

*Davidson v. Seterus, Inc.* 21 Cal.App.5th 283, 303 (2018); Cal. Civ. Code § 1788.2(f); *Obduskey v. McCarthy & Holthus LLP,* 139 S. Ct. 1029, 1036 (2019).


___ Given

___ Refused

___ Withdrawn


**[Defendants objection: should also state, "if it is a consumer debt, and not a business purpose debt," or something to that effect.  Also, some of this instruction was not served timely and I reserve my right to further object]**

Plaintiffs' Special Instruction No. 13

<u>Rosenthal Act Violations</u>

As relevant here, the Rosenthal Act prohibits

1. the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt or attempt to collect any debt,

2. the false representation of the character, amount, or legal status of any debt,

3. threatening to take any action that cannot legally be taken in connection with collecting a debt or attempting to collect a debt,

4. the use of any unfair or unconscionable means to collect or attempt to collect any debt,

5. the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, or

6. the collection or attempted collection of any debt that is void or illegal.


Authority:

15 U.S.C §§ 1692e-1692f, incorporated by Cal.  Civ.  Code § 1788.17.


___ Given

___ Refused

___ Withdrawn


**[Defendants' objection:  #6 is contradicted by 15 U.S.C. § 1692f(1) as the default interest is expressly permitted by the contract]**

Plaintiffs' Special Instruction No. 14

Rosenthal Act Is Strict Liability

The Rosenthal Act is a "strict liability" statute.   This means that Defendants Marcel Bruetsch and Capital Benefit are liable if they violated the law whether they acted in good faith or not. The Drakefords need not prove that Mr. Bruetsch or Capital Benefit knew that the Default Interest provision was void or that they knew that they were doing something illegal or that they intended to violate the law.

Authority:

Cal. Civ.Code § 1788.17; *Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1175-76 (9th Cir. 2006);  *Costa v. National Action Financial Services*, 634 F.Supp.2d 1069, 1075 (E.D.Cal. 2007);  *Irwin v. Mascott,* 112 F.Supp.2d 937, 963 (N.D.Cal. 2000);  *Reed v. Global Acceptance Credit Co*., 2008 WL 3330165, 2 -3 (N.D.Cal. 2008)


___ Given

___ Refused

___ Withdrawn


**[Defendants' Objections:  The last sentence should be removed.  It implies that the default interest provision is void or illegal when it has not been proven to be so]**

Plaintiffs' Special Instruction No. 15

Rosenthal Act Uses Least Sophisticated Debtor Standard

To determine whether Mr. Bruetsch or Capital Benefit violated the Rosenthal Act, you should apply the "least sophisticated debtor" standard.    The "least sophisticated debtor" standard is objective and meant to protect all consumers -- the gullible, the ignorant, the unthinking, and the credulous, as well as the shrewd.   Thus, in reaching your determination whether Mr. Bruetsch and Capital Benefit violated any portion of the Rosenthal Act, you should view their conduct and communications through the eyes of the "least sophisticated debtor," not the "average" or "reasonable" debtor.

Authority:

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007);  *Swanson v. S. Or. Credit Serv.,* 869 F.2d 1222, 1225 (9th Cir. 1988);  *McCollough v. Johnson, Rodenburg & Lauinger*, LLC, 637 F.3d 939, 952 (9th Cir. 2011);  *Terran v. Kaplan,* 109 F.3d 1428, 1431-32 (9th Cir. 1997);  *Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1171 (9th Cir. 2006).

___ Given

___ Refused

___ Withdrawn

Plaintiffs' Special Instruction No. 16

<u>Rosenthal Act is Construed Broadly In Favor Of Protecting The Public</u>

The Rosenthal Act is construed broadly in favor of protecting the public.


Authority:

*Davidson v. Seterus, Inc.* 21 Cal.App.5th 283, 289 (2018).


___ Given

___ Refused

___ Withdrawn

Special Instruction No. 17

<u>Introduction to TILA</u>

The Truth In Lending Act (TILA) is a consumer protection statute designed to protect consumers from illegal and predatory loans and ensure consumers are provided with sufficient information regarding loans before they take them out.

Defendants admit that the Drakefords' mortgage loan was a "high-cost mortgage" under TILA and that they violated TILA's rules regarding such mortgages if TILA applies in this case. However, Defendants contend that TILA does not apply. You must decide if TILA applies or not based on the following instructions.

If TILA applies in this case, then the judge will decide what to do about the loan, and you will decide how much damages, if any, to award to the Drakefords.

Authority:

*Semar v. Platte Valley Federal S L Ass'n*,791 F.2d 699, 704 (9th Cir. 1986); *In re Ferrell,* 539 F.3d 1186, 1189 (9th Cir. 2008)

___ Given

___ Refused

___ Withdrawn


**[Defendants' First Objection: " This instruction is not supported by *Sundby* at page 20.   The purpose of TILA is defined in Section 1601(a), which states, "The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."**

**[Defendants' Second Objection:  The first sentence of second paragraph is argumentative.  We propose would propose, "if you find that the subject loan is covered by TILA, then the loan will be referred to as a "high-cost mortgage."]**

**[Defendants' Third Objection:  As to the third paragraph, it should include, "and if you do not find that an affirmative defense applies"]**

Special Instruction No. 18

<u>Whether the Truth In Lending Act applies (consumer or business purposes)</u>

Defendants claim that TILA does not apply to this loan because they claim that the Drakefords' obtained the loan for a business purpose and not for a consumer purpose. You must decide if the loan was primarily for a consumer purpose or a business purpose.

The loan was primarily for a consumer purpose if the Drakefords spent more than 50% of it for consumer purposes. As relevant here, such consumer purposes would include:

- Home construction (home means principal residence)
- Repaying a loan used for home construction
- Home improvements, repairs, and furnishings
- Paying consumer debts such as debt incurred primarily for personal, family, or household purposes
- Consumer spending such as spending primarily for personal, family, or household purposes

The fact that a home contains a business office does not make the money spent on that home a business purpose. Only money spent to improve a principal residence by putting in a business office would be considered money spent for a business purpose.

The loan was for primarily for a business purpose if the Drakefords spent more than 50% of it on business purposes. As relevant here, such business purposes would include:

- Improvements or repairs to a rental property
- Buying or investing in a rental property

Authority:

*In re Dawson,* 411 B.R. 1, 35-36 (Bankr. D.D.C. 2008); *Shames-Yeakel v. Citizens Financial Bank,* 667 F. Supp. 2d 994, 1003 (N.D. Ill. 2009); 12 C.F.R. Pt. 226.3, Supp. I, § 226.3(a)(3)(ii)(B); *In re Kelly,* 841 F.2d 908, 913 (9th Cir. 1988).

___ Given

___ Refused

___ Withdrawn

**[Defendants' Objections:  This instruction is too argumentative.  Also, how the proceeds of the loan were used is not the primary factor. See, 15 C.F.R. Section 1023.3 (Official Interpretation 3(a)3. This also ignores the affirmative defenses and does not correctly state the Defendants' position, with respect to misrepresentations]**

Special Instruction No. 19

<u>TILA Is Strict Liability And Construed Liberally In Favor Of Consumer</u>

It is the lender's duty to determine in each case if a loan transaction is covered by TILA. A loan may be covered by TILA whether the lender believes it to a business purpose loan or not, regardless of how reasonable the lender's belief may be. TILA applies in favor of consumers whether they are sympathetic or not.


Authority:

*In re Dawson,* 411 B.R. 1, 35-36 (Bankr. D.D.C. 2008); 12 C.F.R. Pt. 226.3, Supp. I, § 226.3(a)(1)); *Semar v. Platte Valley Federal S L Ass'n,* 791 F.2d 699, 705 (9th Cir. 1986).


___ Given

___ Refused

___ Withdrawn


**[Defendants' Objections: This instruction is incomplete.  It should add, "unless you determine that an applicable affirmative defense applies."]**

Special Instruction No. 20

<u>When a Sophisticated Consumer Takes Deliberate Steps to Mislead Lender</u>

If you decide that the Drakefords took the loan primarily for consumer purposes, then you must decide that TILA applies in this case.

However, when a sophisticated borrower takes deliberate and calculated steps to mislead a lender into believing that a loan is being obtained for business purposes, the borrower is not entitled to later invoke the protections of the TILA based upon an assertion that, notwithstanding what the lender was led to believe, the loan was actually obtained for personal purposes.  If you determine that this occurred in this case, then you may determine that TILA does not apply.


Authority:

*In re Dawson,* 411 B.R. 1, 36 (Bankr. D.D.C. 2008).


___ Given

___ Refused

___ Withdrawn


**[Defendants' Objections:  The first sentence is misleading and confusing as this instruction gives two different directives. Also, the use of the proceeds is not the primary factor.  See, 15 C.F.R. Section 1023.3 (Official Interpretation 3(a)3) We propose the deletion of the first paragraph/sentence]**

Special Instruction No. 21

<u>The Borrowers' Stated Purpose Does Not Control If Obtained To Evade TILA Requirements</u>

If the consumer originally intended to use the proceeds primarily for a business purpose and so informed the lender, and subsequently changed his or her mind and spent it for personal purposes, the stated purposes will control unless the stated purpose was obtained by the creditor as a device to evade TILA requirements.

Authority:

National Consumer Law Center, Truth in Lending (10th ed. 2019), updated at ww.nclc.org/library, § 2.4.2.2.1

___ Given

___ Refused

___ Withdrawn

Special Instruction No. 22

<u>The Loan Documents Do Not Control The Whether The Loan Is Covered By TILA</u>

The loan documents do not control whether the loan is covered by TILA. You must look at the entire transaction to determine the borrowers' primary motive for obtaining the loan.


Authority:

*Sundby v. Marquee Funding Grp., Inc.,* Case No.: 3:19-CV-0390, 2020 WL 5535357, *13 (S.D. Cal., Sep. 15, 2020); *Mauro v. Countrywide Home Loans, Inc.,* 727 F. Supp. 2d 145, 153 (E.D.N.Y. 2010)


___ Given

___ Refused

___ Withdrawn


**[Defendants' Objections:  This instruction was not served timely.  I cannot do the research at this late hour.  This is argumentative]**

Special Instruction No. 23

<u>TILA Damages For Failure to Honor Rescission</u>

If you decide that TILA applies in this case, then you must decide how much compensation the Drakefords are entitled to for their "actual damages," which may include any emotional distress they suffered as a result of Defendants failure to honor their rescission of the loan.

Authority:

*McLean v. GMAC Mortg. Corp.,* 398 Fed.Appx. 467, 471 (11th Cir. 2010); *Johnstone v. Bank of America, N.A.,* 173 F. Supp. 2d 809, 814-16 (N.D. Ill. 2001).

___ Given

___ Refused

___ Withdrawn

**[Defendants' Objections:  This instruction was not served timely.  I reserve my right to object]**

Plaintiffs' Special Instruction No. 24

Real Estate Settlement Procedures Act

The Real Estate Settlement Procedures Act (RESPA) requires that a loan be more than 120 days delinquent before a loan servicer makes the first notice or filing required by California law to conduct a non-judicial foreclosure.  The Drakefords claim that Defendants Marcel Bruetsch and Capital Benefit Inc.  violated this law by initiating foreclosure when the Drakefords were not yet 120 days delinquent.

To prevail on this claim, the Drakefords must prove the following:

That the mortgage was a consumer debt.

That their loan was not yet 120 days delinquent when Mr. Bruetsch and Capital Benefit commenced the foreclosure by recording the Notice of Default and Election to Sell Under Deed of Trust.


Authority:

12 CFR 1024.41(f)


___ Given

___ Refused

___ Withdrawn



**[Defendants' Objections:  This should clarify that RESPA only applies to "consumer loans" and not business purpose loans.  See, 12 U.S.C. § 2606(a)(1).  It should also reference the potential applicability of affirmative defenses]**

Plaintiffs' Special Instruction No. 25

<u>RESPA Damages</u>

If you decide that TILA applies in this case, then you must decide how much compensation the Drakefords are entitled to for their "actual damages," which include any emotional distress they suffered as a result.


Authority:

12 U.S.C § 2605(f); 12 C.F.R. § 1024.41(f)


___ Given

___ Refused

___ Withdrawn

**[Defendants' objection:  this presumes they suffered emotional distress and is argumentative.  Should be revised accordingly]**

Plaintiffs' Special Instruction No. 26

<u>The Judge Will Instruct Whether Default Interest Provision Is Legal</u>

The Drakefords' loan in this case contained a provision known as a "Default Interest" provision that increased the monthly payment charged to the Drakefords on the loan from $2,802.02 to $4,728.02 when their account became more than 30 days past due by increasing the interest rate charged from 11.5% to 19.5% when their account became more than 30 days past due.

The judge will instruct you weather that Default Interest provision is legal or not in this case under California law. You are to follow the judge's instructions in this regard.

If the judge instructs you that the Default Interest provision is void, then the Defendants had no right to try to collect Default Interest, and you are to treat the loan agreement as if the Default Interest provision is not in the loan agreement.

Authority:

Cal. Civ. Code § 1671; *Ridgley v. Topa Thrift & Loan Ass'n* (1998) 17 Cal.4th 970, 977-78; *Garrett v. Coast Southern Fed. Sav. Loan Assn.*, 9 Cal.3d 731, 738 (1973).

___ Given

___ Refused

___ Withdrawn

**[Defendants' Objection:  This provision should be determined by the jury as part of the breach of contract cause of action.  Also, it misstates the law as contained in the RFDCPA by and through the FDCPA/15 U.S.C. § 1692f(1) because the default interest is expressly permitted by the contract]**

Plaintiffs' Special Instruction No. 27

<u>Jury Decides Whether Default Interest Provision Is Legal (Alternative)</u>

The Drakefords' loan in this case contained a provision known as a "Default Interest" provision that increased the monthly payment charged to the Drakefords on the loan from $2,802.02 to $4,728.02 when their account became more than 30 days past due by increasing the interest rate charged from 11.5% to 19.5% when their account became more than 30 days past due.

Under California law, a Default Interest provision like this is considered a liquidated damages clause which may be legal or illegal depending on the circumstances that existed at the time of contracting.

In this case, the clause is presumed to be legal but the Drakefords may prove that it is illegal by showing that the increased payment amount was not the result of a reasonable endeavor by the parties to estimate a fair average compensation for any loss that the lenders would sustain if they failed to make timely payments on their mortgage.

Authority:

*Ridgley v. Topa Thrift & Loan Ass'n* (1998) 17 Cal.4th 970, 977-78; Garrett v. Coast Southern Fed. Sav. Loan Assn 9 Cal.3d 731, 738 (1973)

___ Given

___ Refused

___ Withdrawn

**[Defendants' Objections:  This instruction was not served timely.  I reserve my right to object]**

Plaintiffs' Special Instruction No. 28

Bruetsch Hearsay Testimony Is Not Evidence of Truth Of Matter Asserted

Marcel Bruetsch testified as to things he says Fred Mayer told him that Rhonda Drakeford said. What Mr. Bruetsch says Mr. Mayer said Mr. Drakeford said is called "hearsay." It not evidence of what Ms. Drakeford said or did and you should not consider it as such.

Authority:

Fed.R. Ev. 802

___ Given

___ Refused

___ Withdrawn

**[Defendants' Objections:  This instruction misstates the law and should not be given.  see, e.g,** *MGM Studios, Inc. v. Grokster, Ltd.,* **454 F.Supp.2d 966 (C.D. Cal. 2006) [court rejected claims that statements were not admissible against the principal because the declarant was an "independent contractor."]**

**DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTIONS**

**Special Jury Instruction No. 1**

**TILA – Burden of Proof**

Instruction
No _____1_____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |
| Authorities: *Gilliam v. Levine* (9th Cir. 2020) 955 F.3d 1117, 1120 | | | | | |

Instruction
No _____1_____

When seeking to invoke the protections of TILA to rescind a loan, a borrower has the burden of demonstrating that the loan was truly a consumer loan, rather than a commercial loan.

**<u>Plaintiffs' Objection</u>**:  The burden of proof is covered in the basic Ninth Circuit Instructions. There is no greater burden of proof in TILA cases then other cases.

As set forth in Plaintiffs' motion to bifurcate, the jury's role should be determining the factual disputes relevant to TILA's application, and the judge should determine the consequences of those facts.

To the extent that the question of law of whether TILA applies goes to the jury, the standard is whether the loan was "primarily for personal, family, or household purposes." 15 U.S.C. § 1602(i); *Gilliam v. Levine* 955 F.3d 1117, 1120 (9th Cir. 2020). Primarily is 50% or more. *In re Kelly,* 841 F.2d 908, 913 (9th Cir. 1988).

*See* Plaintiffs' Proposed Special Instruction No. 18.

**Special Jury Instructions No. 2**

**TILA – When Classifying a Loan**

Instruction
No ____2____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | Judge | | |
| Authorities: *Bloom v. I.C. Systems, Inc.* (9th Cir. 1992) 972 F.2d 1067, 1068 | | | | | |

Instruction
No ____2____

When classifying a loan, you must examine the transaction as a whole, paying particular attention to the purpose for which credit was extended in order to determine whether the transaction was primarily consumer or commercial in nature.

**Plaintiffs' Objection**:

As set forth in Plaintiffs' motion to bifurcate, the jury's role should be determining the factual disputes relevant to TILA's application, and the judge should determine the consequences of those facts.

To the extent that the question of law of whether TILA applies goes to the jury, the standard is whether the loan was "primarily for personal, family, or household purposes." 15 U.S.C. § 1602(i); *Gilliam v. Levine* 955 F.3d 1117, 1120 (9th Cir. 2020). Primarily is 50% or more. *In re Kelly,* 841 F.2d 908, 913 (9th Cir. 1988).

"[T]here is a strong, national consensus that courts must 'look at the entire transaction and surrounding circumstances to determine a borrower's primary motive.' *Mauro v. Countrywide Home Loans, Inc., 727* F. Supp. 2d 145, 153 (E.D.N.Y. 2010); accord *Tower v. Moss,* 625 F.2d 1161, 1166 (5th Cir. 1980)" *Sundby v. Marquee Funding Group, Inc.,* 19-CV-0390, 2020 WL 5535357, *13 (S.D. Cal., Sep. 15, 2020

*See* Plaintiffs' Proposed Special Instruction No. 18.

**Special Jury Instruction No. 3**

**TILA – Business Purpose Exemption**

Instruction
No ____3____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | Judge | |
| Authorities:  15 U.S.C. Section 1603(1) | | | | | |

Instruction
No ____3____

If a loan is for a business or commercial purpose, than TILA does not apply.

**Plaintiffs' Objection**:

The question is whether the loan was primarily for business purposes.  "Primarily" is 50% or more. *In re Kelly,* 841 F.2d 908, 913 (9th Cir. 1988).

*See* Plaintiffs' Proposed Special Instruction No. 18.

**Special Jury Instruction No. 4**

**TILA – 5 Factors Which May Be Considered**

Instruction
No ____4____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |
| Authorities:  15 C.F.R. Section 1023.3 (Official Interpretation 3(a)3 | | | | | |

Instruction
No ____4____

Factors. In determining whether credit to finance an acquisition—such as securities, antiques, or art—is primarily for business or commercial purposes (as opposed to a consumer purpose), the following factors should be considered:

A.      The relationship of the borrower's primary occupation to the acquisition. The more closely related, the more likely it is to be business purpose.

B.      The degree to which the borrower will personally manage the acquisition. The more personal involvement there is, the more likely it is to be business purpose.

C.      The ratio of income from the acquisition to the total income of the borrower. The higher the ratio, the more likely it is to be business purpose.

D.      The size of the transaction. The larger the transaction, the more likely it is to be business purpose.

E.      The borrower's statement of purpose for the loan.

**Plaintiffs' Objection**:

The above five-factor *Thorns* test (a/k/a Regulation Z Commentary) is not a helpful instruction for the jury in this case because this case does not involve "credit to finance an acquisition—such as securities, antiques, or art."  It is well established that "the purchase of a home and the making of improvements thereon" are quintessential consumer purposes. *See In re Kelly,* 841 F.2d 908, 913 (9th Cir. 1988). Conversely, the acquisition, improvement, and maintenance of rental property that is not owner occupied are deemed to be business purposes.

*See* Plaintiffs' Proposed Special Instruction No. 18.

**Special Jury Instruction No. 5**

**TILA – Stated Use Will Control**

Instruction
No  _____5_____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |
| Authorities:  National Consumer Law Center, Truth in Lending (10th ed. 2019), updated at ww.nclc.org/library, § 2.4.2.2.1 | | | | | |

Instruction
No  _____5_____

If the consumer originally intended to use the proceeds primarily for a business purpose and so informed the lender, and subsequently changed his or her mind and spent it for personal purposes, the stated purposes will control (unless the stated purpose was obtained by the creditor as a device to evade TILA requirements).

**Plaintiffs' Objection**:

As set forth in Plaintiffs' motion to bifurcate, the jury's role should be determining the factual disputes relevant to TILA's application, and the judge should determine the consequences of those facts.

**Special Jury Instruction No. 6**

**TILA – Deliberate Steps to Mislead**

Instruction
No ___6___

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |
| Authorities:  *In re Dawson* (Bankr. D.C. 2008) 411 B.R. 1, 36 | | | | | |

Instruction
No ___6___

"When a sophisticated borrower takes deliberate and calculated steps to mislead a lender into believing that a loan is being obtained for commercial purposes, the borrower is not entitled to later invoke the protections of TILA based upon an assertion that, notwithstanding what the lender was led to believe, the loan was actually obtained for personal purposes."

**<u>Plaintiffs' Objection</u>**:

As set forth in Plaintiffs' motion to bifurcate, the jury's role should be determining the factual disputes relevant to TILA's application, and the judge should determine the consequences of those facts.

**Special Jury Instruction No. 7**

**TILA – Unintentional Violation**

Instruction
No ____7____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |
| Authorities:  15 U.S.C. Section 1640(c) | | | | | |

Instruction
No ____7____

If you find that TILA applies here, which is a disputed issue of fact, and you find that the creditors' or their agents maintained procedures reasonably adapted to avoid any such error relative to TILA, that is a complete defense to the TILA claim.

**Plaintiffs' Objection**:

Defendants do not claim any sort of bona fide clerical or mathematical errors contemplated by this provision. *See Palmer v. Wilson,* 502 F.2d 860, 861 (9th Cir. 1974) ("The defendants' omissions ... were not the result of clerical errors, which are the only violations [§ 1640(c)] was designed to excuse."); *Hutchings v. Beneficial Fin. Co. of Or.*, 646 F.2d 389, 391 (9th Cir.1981) ("The Act ... provides creditors with a defense for clerical errors"); *Thomka v. A.Z. Chevrolet, Inc.,* 619 F.2d 246, 251 (3d Cir.1980) (citing cases holding that a complete failure to disclose, such as failing to give a borrower a copy of a required document, does not constitute a "clerical" error for purposes of the bona fide error defense).

**Special Jury Instruction No. 8**

**TILA – Unintentional Violation Based on Reliance on Consumer**

Instruction
No ____8____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |
| Authorities:  National Consumer Law Center, Truth in Lending (10th ed. 2019), at ww.nclc.org/library, § 2.4.2.1; 15 U.S.C. § 1640(c). | | | | | |

Instruction
No ____8____

If the determination of whether TILA applies is made in reliance upon information provided by the consumer, and is erroneous, the creditor is protected from civil liability if the creditor can show it was an unintentional violation that resulted from a bona fide error.

**Plaintiffs' Objection**:

The aforementioned NCLC citation reads:

> Before deciding whether TILA disclosures are necessary for a particular credit transaction, the creditor must make two determinations, one factual and one legal. The factual determination is deciding which purpose in a multi-purpose transaction is "primary." If this determination is made in reliance upon information provided by the consumer, and is erroneous, there is an argument the creditor is protected from civil liability if the creditor can show it was an unintentional violation that resulted from a bona fide error.

> The creditor also must make a legal determination by placing a characterization upon the facts. That is, the creditor must determine whether the primary purpose is a consumer or business purpose. If the creditor makes a wrong legal determination, however, the bona fide error defense should not provide any protection.

**Special Jury Instruction No. 9**

**RESPA**

Instruction
No    9

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |
| Authorities:  12 C.F.R. Section 1024.5(b)(2) | | | | | |

Instruction
No    9

If a loan is for a business or commercial purpose, than RESPA does not apply.

**Special Jury Instruction No. 10**

**RFCDPA**

Instruction
No    10

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |
| Authorities:  *Bloom v. I.C. Sys. Inc.* (9th Cir. 1992) 972 F.2d 1067, 1068 and California *Civil Code* § 1788.2(e) | | | | | |

Instruction
No    10

If a loan is for a business or commercial purpose, than the Rosenthal Fair Debt Collection Practices does not apply.

## Special Jury Instruction No. 11

## RFDCPA

Instruction
No  _____11_____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |
| Authorities:  *Civil Code* § 1788.17 /15 U.S.C. § 1692f | | | | | |

Instruction
No  _____11_____

A violation of the RFDCPA, *Civil Code* § 1788.17 /15 U.S.C. § 1692f  requires the Plaintiffs to establish that each Defendant, respectively, did one or more of the following:

- collection of amounts not authorized by agreement creating the debt or permitted by law
- improprieties with cashing or not cashing of checks
- causing concealed communications charges to be made
- threating nonjudicial action when there is no enforceable security interest, no intention to take such action or the property is exempt
- communicating by postcard
- using improper symbols or languages

**Plaintiffs' Objection**:

This is an incorrect statement of the law relevant to the Rosenthal Act violations that the Plaintiffs are actually claiming in this case.

*See* Plaintiffs' Proposed Special Instruction No. 13 (regarding the Rosenthal Act violations that Plaintiffs claim in this case.

**Special Jury Instruction No. 12**

**The Loan's Interest Rate is Proper**

Instruction
No ___12___

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |
| Authorities:  California *Civil Code* § 1916.1 | | | | | |

Instruction
No ___12___

The loan was arranged by Capital Benefit, a duly licensed real estate broker, so it is exempt from any interest rate limitations.

**Plaintiffs' Objection**:

There is no usury issue in this case. The loan would be usurious if the usury law applied, but an exemption to the usury law exists for loans arranged by a licensed mortgage broker like Bruetsch. *See* Cal. Constitution Art. XV § 1 (maximum interest rate 10%); Cal. Civil Code § 1916.1 (exemption). None of that has anything to do with this case.

Nevertheless, Defendants point to a separate body of law that holds that a loan will not be rendered usurious by additional interest (or damages) resulting from a liquidated damages provision. *See Clermont v. Secured Investment Corp.,* 25 Cal.App.3d 766, 769 (1972) (discussing *First American Title Ins. Trust Co. v. Cook,* 12 Cal.App.3d 592, 596 (1970) among other cases). These usury cases are irrelevant because the Drakefords are not alleging usury.

Rather, the Drakefords allege that the Default Interest provision of their loan is itself an invalid liquidated damages provision. California has a substantial body of law holding that such default interest provisions are considered liquidated damages provisions, which may be invalid as penalties. *See* Cal. Civ. Code § 1671; *Garrett v. Coast Southern Fed. Sav. Loan Assn.,* 9 Cal.3d 731 (1973); *Ridgley v. Topa Thrift & Loan Ass'n,* 17 Cal.4th 970, 978 (1998).

As detailed Plaintiffs motions in limine, it is also well established that the validity of such a liquidated damages provision is determined by the judge (not the jury) regardless of whether disputed facts are involved. *See Beasley v. Wells Fargo* Bank, 235 Cal.App.3d 1383, 1393

(1991) (detailed analysis); *Krechuniak v. Noorzoy,* 11 Cal.App.5th 713, 715, 723-24 (2017) (detailed analysis).

Thus, defendants' suggestion that the loan's interest rate is "legal" (because it is non-usurious because of an exemption to the usury law) is absolutely irrelevant to any issue in this case and presents a substantial risk of jury confusion. *See* Fed. R. Ev. 401-403.

**Special Jury Instruction No. 13**

**Late Fees and Default Interest Are Proper**

Instruction
No ____13____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ Judge | | |
| Authorities:  *First American Title Insurance & Trust Co. v. Cock* (1970) 12 Cal.App.3d 592, 596-597. | | | | | |

Instruction
No ____13____

    Late charges and default interest are properly charged when a borrower voluntary defaults under a loan.

**<u>Plaintiffs' Objection</u>**:

California has a substantial body of law holding that such default interest provisions are considered liquidated damages provisions, which may be invalid as penalties. *See* Cal. Civ. Code § 1671; *Garrett v. Coast Southern Fed. Sav. Loan Assn.*, 9 Cal.3d 731 (1973); *Ridgley v. Topa Thrift & Loan Ass'n,* 17 Cal.4th 970, 978 (1998).

Nevertheless, Defendants point to a separate body of law that holds that a loan will not be rendered usurious by additional interest (or damages) resulting from a liquidated damages provision. *See Clermont v. Secured Investment Corp.,* 25 Cal.App.3d 766, 769 (1972) (discussing *First American Title Ins. Trust Co. v. Cook,* 12 Cal.App.3d 592, 596 (1970) among other cases). These usury cases are irrelevant because the Drakefords are not alleging usury.

As detailed Plaintiffs motions in limine, it is also well established that the validity of such a liquidated damages provision is determined by the judge (not the jury) regardless of whether disputed facts are involved. *See Beasley v. Wells Fargo* Bank, 235 Cal.App.3d 1383, 1393 (1991) (detailed analysis); *Krechuniak v. Noorzoy,* 11 Cal.App.5th 713, 715, 723-24 (2017) (detailed analysis).

## Special Jury Instruction No. 14

## Liquidated Damages Are Presumptively Valid

Instruction
No ____14____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |
| Authorities:  California *Civil Code* § 1671 (b) and Fed. R. Evid. 301 | | | | | |

Instruction
No ____14____

A provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made.

**Plaintiffs' Objection**:

This is a correct but incomplete statement of the law regarding liquidated damages. *See Garrett v. Coast Southern Fed. Sav. Loan Assn*., 9 Cal.3d 731 (1973); *Ridgley v. Topa Thrift & Loan Ass'n,* 17 Cal.4th 970, 978 (1998).

As detailed Plaintiffs motions in limine, it is also well established that the validity of such a liquidated damages provision is determined by the judge (not the jury) regardless of whether disputed facts are involved. *See Beasley v. Wells Fargo* Bank, 235 Cal.App.3d 1383, 1393 (1991) (detailed analysis); *Krechuniak v. Noorzoy,* 11 Cal.App.5th 713, 715, 723-24 (2017) (detailed analysis).

*See* Plaintiffs' Proposed Special Instruction Nos. 26.

To the extent that the jury decides the validity of the default interest provision, the jury must apply the "reasonable endeavor test."

 See Plaintiffs' Proposed Special Instruction Nos. 27.

**Special Jury Instruction No. 15**

**It Is A Crime To Make False Representations In A Loan Application**

Instruction
No _____15_____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | _____ Judge | |
| Authorities:  18 U.S.C. Section 1001 | | | | | |

Instruction
No _____15_____

It is a federal crime to make false statements in a loan application.


**<u>Plaintiffs' Objection</u>**:

This irrelevant and prejudicial and does not pertain to any claim or defense in this case.

**Special Jury Instruction No. 16**

**Misrepresentation to a Creditor**

Instruction
No   ___16___

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |
| Authorities:  *Candland v. Insurance Co. of N. Am. (In re Candland)* 90 F.3d. 1466, 1470 (9th Cir. 1996)] | | | | | |

Instruction
No   ___16___

A statement can be a material misrepresentation if it includes information that is substantially inaccurate and is of the type that would affect a creditor's decision-making process.

**Plaintiffs' Objection**:

This appears to be an attempt to borrow a lesser standard of materiality of misrepresentation from bankruptcy law. The cited passage reads in full:

> A statement can be materially false if it includes information which is "substantially inaccurate" and is of the type that would affect the creditor's decision making process. To except a debt from discharge, the creditor must show not only that the statements are inaccurate, but also that they contain important and substantial untruths."

*In re Candland,* 90 F.3d 1466, 1470 (9th Cir. 1996) ("we adopt the above quoted formulation stated by *In re Green* for a materiality standard").

There is no basis to reach into bankruptcy law to find a materiality standard for Defendants' routine misrepresentation counterclaims. The topic is fully covered by California law and CACI.

**Special Jury Instruction No. 17**

**Material Misrepresentation to a Creditor**

Instruction
No ____17____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |
| Authorities: *United States v. Rodriguez-Rodriguez,* 840 F.2d 697, 700 (9th Cir. 1988) | | | | | |

Instruction
No ____17____

To be material, a statement need only have the propensity or capacity to influence or affect a lender's decision.

**<u>Plaintiffs' Objection</u>**:

This is a statement taken from a federal criminal law appeal of convictions for "transporting undocumented aliens and of conspiring to transport undocumented aliens." *U.S. v. Rodriguez-Rodriguez,* 840 F.2d 697, 699 (9th Cir. 1988).

There is no basis to reach into federal criminal law to find a materiality standard for Defendants' routine misrepresentation counterclaims. The topic is fully covered by California law and CACI.

**Special Jury Instruction No. 18**

**Fraudulent Intent May Be Inferred**

Instruction
No ___18___

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | _____ | |
| | | | | Judge | |
| Authorities: *Miller v. National American Life Ins. Co.* (1976) 54 Cal.App.3d 331, 338 | | | | | |

Instruction
No ___18___

Fraudulent intent may be established by inference from the circumstances and the acts of the parties.

**Special Jury Instruction No. 19**

**Reliance May Be Inferred**

Instruction
No ____19____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | _____ Judge | |
| Authorities: *Hunter v. McKenzie* (1925) 197 Cal. 176, 185; see also *Vasquez v. Superior Court* (1971) 4 Cal.3d 800, 814; Rest.2d Torts, § 546 | | | | | |

Instruction
No ____19____

Reliance is established where the representation substantially influenced the counterclaimant's choice, even though other influences operated as well.

It is not necessary to show reliance upon false representations by direct evidence as reliance may be inferred from the circumstances.

## Special Jury Instruction No. 20

### Reliance Established

Instruction
No ___20___

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | Judge | | |
| Authorities: *Mirkin v. Wasserman* (1993) 5 Cal.4th 1082, 1093 | | | | | |

Instruction
No ___20___

Reliance can be proved in a fraudulent omission case by establishing that "had the omitted information been disclosed, [the Defendants and Counterclaimants] would have been aware of it and behaved differently."

**Special Jury Instruction No. 21**

**Reliance Can Be Established Through An Agent**

Instruction
No    21

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | | Judge |
| Authorities: *Thrifty-Tel v. Bezenek* (1996) 46 Cal.App.4th 1559 | | | | | |

Instruction
No    21

Reliance may be established through the representations of an agent, because reliance may be indirect.

**<u>Plaintiffs' Objection</u>**:

Plaintiffs object that this instruction is based on their erroneous theory that Mayer was the Drakefords' agent.

*See* Plaintiffs' Special Instruction No. 6.

**Special Jury Instruction No. 22**

**Negligent Misrepresentation May Be Established Through Statements Made to a Third Person**

Instruction
No   22

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____
Judge

Authorities:  H*awkins v. Oakland Title Ins. & Guar. Co.* (1958) 165 Cal.App.2d 116, 128-129

Instruction
No   22

A party may also be held liable for negligent misrepresentation where the statement is made to a third person with knowledge that he intends to communicate it to a specific individual plaintiff for the purpose of inducing him to act.

**Special Jury Instruction No. 23**

**Intent is Not Required for a Valid Negligent Misrepresentation Claim**

Instruction
No _____23_____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |

_____
                                                              Judge

Authorities: *Anderson v. Deloitte & Touche* (1997) 56 Cal.App.4th 1469, 1476; *Strebel v. Brenlar Investments, Inc.* (2006) 135 Cal.App.4th 740, 752; *Gagne v. Bertran* (1954) 43 Cal.2d 481, 487.

Instruction
No _____23_____

Neither scienter nor an intent to deceive is an essential element for a claim for negligent misrepresentation.

Even where a defendant believes a false statement is true, but makes the statement without reasonable grounds for that belief, he or she may be liable for negligent misrepresentation.

**Special Jury Instruction No. 24**

**Negligent Misrepresentation Exists When Contrary Information Was in Possession**

Instruction
No ____24____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | |
| | | | | Judge | |
| Authorities: *Christiansen v. Roddy* (1986) 186 Cal.App.3d 780, 788 | | | | | |

Instruction
No ____24____

A person makes a negligent misrepresentation when that person has possession of information that disproves that person's representation.

## Special Jury Instruction No. 25

## Unclean Hands

Instruction
No ___25___

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |
| Authorities: *Kendall-Jackson Winery, Ltd. v. Sup. Ct.* (1999) 76 Cal.App.4th 970, 974 | | | | | |

Instruction
No ___25___

The doctrine of unclean hands denies all relief to a party guilty of misconduct directly related to the matter in which he seeks relief.

**Plaintiffs' Objection**:

As detailed in Plaintiffs motions in limine, Defendants' equitable defenses must be decided by the judge so there is no need for a jury instruction. "The doctrine of unclean hands arises in equity" *Metal Jeans, Inc. v. Metal Sport, Inc.,* __F.3d__, No. 19-55923 [pp. 6] (9th Cir., Feb. 16, 2021).

To the extent the question of unclean hands goes to the jury, they must be given the proper elements: To constitute unclean hands, a defendant must show, "[1] that the plaintiff's conduct is inequitable and … [2] relates [directly] to the subject matter of its claims." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,* 826 F.2d 837, 847 (9th Cir. 1987).

**Special Jury Instruction No. 26**

**Doctrine of Estoppel**

Instruction
No ____26____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |

Authorities:  Cal. Evid. Code § 623; *Lantzy v. Centex Homes,* 31 Cal.4th 363, 384 (2003); *Vu v. Prudential Property & Cas. Ins. Co.,* 26 Cal.4th 1142, 1152-53 (2001)

Instruction
No ____26____

     The doctrine of estoppel is that whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing is true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it.  The party needs not have intended to defraud the other party in order to be estopped.

**Plaintiffs' Objection**:

As detailed in Plaintiffs motions in limine, Defendants' equitable defenses must be decided by the judge so there is no need for a jury instruction.

"As the name suggests, equitable estoppel is an equitable issue for court resolution." *Hoopes,* 168 Cal.App.4th at 161. "The traditional elements of equitable estoppel are that: (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct." *United States v. Hemmen*, 51 F.3d 883, 892 (9th Cir. 1995). Further, "[e]quitable estoppel is disfavored and should only be applied as needed to avoid injustice." *Bangkok Broad. & T.V. Co. v. IPTV Corp* 742 F. Supp. 2d 1101, 1115 (C.D. Cal. 2010) (quoting *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 389 (5th Cir. 2001)).

**Special Jury Instruction No. 27**

**Estoppel by Silence or Inaction**

Instruction
No _____27_____

| Request by Plaintiff | | Request by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Proposed | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | _____ | | |
| | | | | | Judge |

Authorities:  *Spray v. Associated Int'l. Ins. Co.,* 71 Cal.App.4th 1260, 1268-69 (1999); *Feduniak v. Cal. Coastal Comm'n,* 148 Cal.App. 4th 1346, 1362 (2007); *Elliano v. Assurance Co. of Am.*, 3 Cal.App.3d 446, 451 (1970)]

Instruction
No _____27_____

A party may also be estopped where he or she failed to speak or act if, under considerations of fairness and justice, the party had an obligation to speak or act.

**<u>Plaintiffs' Objection</u>**:

As detailed in Plaintiffs motions in limine, Defendants' equitable defenses must be decided by the judge so there is no need for a jury instruction.

"As the name suggests, equitable estoppel is an equitable issue for court resolution." *Hoopes,* 168 Cal.App.4th at 161. "The traditional elements of equitable estoppel are that: (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct." *United States v. Hemmen*, 51 F.3d 883, 892 (9th Cir. 1995). Further, "[e]quitable estoppel is disfavored and should only be applied as needed to avoid injustice." *Bangkok Broad. & T.V. Co. v. IPTV Corp* 742 F. Supp. 2d 1101, 1115 (C.D. Cal. 2010) (quoting *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 389 (5th Cir. 2001)).