Peter B. Fredman (Cal. Bar No. 189097)
LAW OFFICE OF PETER FREDMAN PC
2930 Domingo Ave, Suite 227
Berkeley, CA 94705
Telephone: (510) 868-2626
Facsimile: (510) 868-2627
peter@peterfredmanlaw.com

Attorneys for Plaintiffs and Counterdefendants
REGINALD and RHONDA DRAKEFORD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| REGINALD and RHONDA DRAKEFORD, husband and wife; | Case No. 20-cv-04161-WHO |
| Plaintiffs, | **PROPOSED JURY INSTRUCTIONS (WITH OBJECTIONS)** |
| vs. | |
| CAPITAL BENEFIT, INC., a California company; MARCEL BRUETSCH, an individual; ROBERT V. and WALTRAUD M. WILLIAMS, individually and as Trustees of the Williams Family Trust; RICHARD WESTIN, an individual, and DOES 1 through 100, inclusive; | Honorable Judge William H. Orrick

Trial Date:   March 22, 2022 |
| Defendants. | |
| AND COUNTERCLAIM | |

1    Pursuant to the Court's Order of February 22, 2022 (Dkt. 78), the parties Jury Instructions

2   and Objections are attached hereto.

3

4

5    DATED:  March 14, 2022

6                                                    LAW OFFICE OF PETER FREDMAN PC

7

8                                                    By____/s/ Peter Fredman_____
                                                          Peter B. Fredman
9                                                    Attorney for Plaintiffs and Crossdefendants
                                                     REGINALD and RHONDA DRAKEFORD
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party through the Court's electronic filing service on March 14, 2022 which will send notification of such filing to the e-mail addresses registered.

*/s/ Peter Fredman*
Peter Fredman

**DRAKEFORD v. CAPITAL BENEFIT JOINT PROPOSED INSTRUCTIONS AND OBJECTIONS (3-14-22)**

**INDEX**

(Defendants' Proposed Instructions Are Highlighted)

| Source | No. | Description |
|--------|-----|-------------|
| **INTRODUCTORY / EVIDENCE** | | |
| 9th | 1.2 | Duty of Jury (beginning of Trial) |
| 9th | 1.3 | Duty of Jury (beginning of case) |
| 9th | 1.4 | Duty of jury (end of case) |
| 9th | 1.5 | Claims and Defenses |
| 9th | 1.6 | Burden of Proof --Preponderance of the Evidence |
| 9th | 1.7 | Burden of Proof --Clear and Convincing Evidence |
| 9th | 1.8 | Two or More Parties --Different Legal Rights |
| 9th | 1.9 | What is Evidence |
| 9th | 1.1 | What is Not Evidence |
| 9th | 1.11 | Evidence for Limited Purpose |
| Plt. Sp. | 1 | Breutsch Hearsay Testimony Not Evidence of Truth |
| 9th | 1.12 | Direct and Circumstantial Evidence |
| CACI | 202 | Direct and Indirect Evidence |
| CACI | 204 | Willfull Suppression of Evidence |
| 9th | 1.13 | Ruling on Objections |
| 9th | 1.14 | Credibiity of Witnesses |
| 9th | 1.15 | Conduct of Jury |
| 9th | 1.17 | No Transcript Available to Jury |
| 9th | 1.18 | Taking Notes |
| 9th | 1.19 | Questions to Witnesses by Jurors |
| 9th | 1.19 | Questions to Witnesses by Jurors |
| 9th | 1.20 | Bench Conferences and Recesses |
| 9th | 1.21 | Outline of Trial |
| 9th | 1.21 | Outline of Trial |
| 9th | 2.0 | Cautionary Instructions |
| 9th | 2.2 | Stipulation of Facts |
| 9th | 2.4 | Deposition in Lieu of Live Testimony |
| 9th | 2.9 | Impeachment Evidence Witness |
| 9th | 2.13 | Expert Opinion |
| CACI | 220 | Experts Questions Containing Assumed Facts |
| CACI | 221 | Conflicting Expert Testimony |
| CACI | 223 | Opinion Testimony of Lay Witness |
| 9th | 2.14 | Charts and Sumaries Not Received in Evidence |
| 9th | 2.15 | Charts and Summaries Received in Evidence |
| 9th | 2.16 | Evidence in Electronic Format |
| 9th | 3.1 | Duty to Deliberate |
| 9th | 3.2 | Consideration of Evidence -- Conduct of the Jury |
| 9th | 3.3 | Communication With Court |
| 9th | 3.4 | Readback or Playback |
| **TRUTH IN LENDING ACT** | | |
| Plt. Sp. | 2 | Introduction to TILA |
| Plt. Sp. | 3 | Whether TILA Applies (Consumer or Business Purpose) |

| Plt. Sp. | 4 | Loan Documents Do Not Control |
|---|---|---|
| Plt. Sp. | 5 | Lender Duty To Determine if TILA Applies |
| Plt. Sp. | 6 | TILA Applied Liberally |
| Plt. Sp. | 7 | Deliberate Steps to Mislead Lender |
| Plt. Sp. | 8 | TILA Damages |
| Def. Sp. | 1 | TILA – Burden of Proof |
| Def. Sp. | 2 | TILA - When Classifying A Loan |
| Def. Sp. | 3 | TILA - Business Purpose Exemption |
| Def. Sp. | 4 | TILA – 5 Factors Why May Be Considered |
| Def. Sp. | 5 | TILA – Stated Use Will Control |
| Def. Sp. | 6 | TILA – Deliberate Steps To Mislead |
| Def. Sp. | 7 | TILA - Unintentional Violation |
| Def. Sp. | 8 | TILA - Unintentional Violation Based On Reliance On Consumer |

**BREACH OF CONTRACT**

| Plt. Sp. | 9 | Whether Default Interest Is Legal (Judge Decides) |
|---|---|---|
| Plt. Sp. | 10 | Whether Default Interest Is Legal (Jury Decides) |
| Plt. Sp. | 11 | Default Interest is Liquidated Damages |
| Plt. Sp. | 12 | Civil Code section 1671 (Liquidated Damages) |
| Def. Sp. | 12 | The Loan's Interest Rate Is Proper |
| Def. Sp. | 13 | Late Fees And Default Interest Are Proper |
| Def. Sp. | 14 | 14 Liquidated Damages Are Presumptively Valid |
| CACI | 300 | Breach of Contract - Introduction |
| CACI | 316 | Interpretation-Meaning of Technical Words |
| CACI | 320 | Interpretation-Construction Against Drafter |
| CACI | 303 | Breach of Contract --Essential Factual Elements |
| CACI | 360 | Nominal Damages |

**REAL ESTATE SETTLEMENT PROCEDURES ACT**

| Plt. Sp. | 13 | Real Estate Settlement Procedures Act Liability |
|---|---|---|
| Plt. Sp. | 14 | Real Estate Settlement Procedures Act Actual Damages |
| 9th | 5.6 | Nominal Damages |
| Def. Sp. | 9 | RESPA |

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

| Plt. Sp. | 15 | Introduction to Rosenthal Act |
|---|---|---|
| Plt. Sp. | 16 | Debt Collection Under Rosenthal Act |
| Plt. Sp. | 17 | Alleged Rosenthal Act Violations |
| Plt. Sp. | 18 | Rosenthal Act is Strict Liability |
| Plt. Sp. | 19 | Rosenthal Act Least Sophisticated Debtor |
| Plt. Sp. | 20 | Rosenthal Act is Broadly Construed |
| Plt. Sp. | 21 | Rosenthal Act Damages |
| Def. Sp. | 10 | RFCDPA |
| Def. Sp. | 11 | RFCDPA |

**BREACH OF FIDUCIARY DUTY**

| CACI | 4100 | Fiduciary Duty Explained (modified) |
|---|---|---|
| Plt. Sp. | 22 | Full and Accurate Disclosure of Loan Terms |
| Plt. Sp. | 23 | Disclosure of Loan Terms-Essential Elements |
| CACI | 4101 | Failure to Use Reasonable Care--Essential Elements |
| CACI | 4102 | Duty of Undivided Loyalty--Essential Elements |

| Plt. Sp. | 24 | Fiduciary Duty To Lenders Irrelevant |
| CACI | 4107 | Duty of Disclosure by Real Estate Broker to Client |
| CACI | 4111 | Constructive Fraud |

**DAMAGES**

| 9th | 5.1 | Damages --Proof |
| 9th | 5.2 | Measures of Types of Damages |
| 9th | 5.6 | Nominal Damages |
| CACI | 3901 | Introduction to Tort Damages |
| CACI | 3902 | Economic and Noneconomic Damages |
| CACI | 3903 | Items of Economic Damages |
| CACI | 3905 | Items of Noneconomic Damagegs |
| CACI | 3905A | Mental Suffering and Emotional Distress |
| Plt. Sp. | 25 | Statutory Damages |
| CACI | 3934 | Damages on Multiple Legal Theories |
| CACI | 3940 | Punitive Damages Individual Defendant (Marcel Bruetsch only) |
| CACI | 3941 | Punitive Damages-Individual Defendant-Bifurcated (Phase 1) |
| CACI | 3942 | Punitive Damages-Individual Defendant-Bifurcated (Phase 2) |

**AGENCY/FINDER**

| Plt. Sp. | 26 | Legal Relationship Not Disputed (Bruetsch-Lenders) |
| Plt. Sp. | 27 | Drakefords Did Not Owe Fiduciary Duty or Duty of Care |
| Plt. Sp. | 28 | Mayer Was Not The Drakefords' Agent |
| Plt. Sp. | 29 | Bruetsch Could Not Rely On Finder |
| Plt. Sp. | 30 | If Finder Exception Does Not Apply |
| Def. Sp. | 21 | Reliance can be established through an agent |

**CONCLUDING INSTRUCTIONS**

| 9th | 3.1 | Duty to Deliberate |
| 9th | 3.2 | Consideration of Evidence -- Conduct of the Jury |
| 9th | 3.3 | Communication With Court |
| 9th | 3.5 | Return of Verdict |
| CACI | 5003 | Witnesses |
| CACI | 5011 | Reading Back of Trial Testimony |

**FRAUD & NEGLIGENT MISREPRENSTATION**

| CACI | 1900 | Intentional Misrepresentation |
| CACI | 1901 | Concealment |
| CACI | 1903 | Negligent Misrepresentation |
| CACI | 1904 | Opinions as Statements of Fact |
| CACI | 1906 | Misrepresentations Made to Persons Other Than the Plaintiff |
| CACI | 1907 | Reliance |
| CACI | 1908 | Reasonable Reliance |
| Def. Sp. | 15 | It Is A Crime To Make False Representations In A Loan Application |
| Def. Sp. | 16 | Misrepresentation to a Creditor |
| Def. Sp. | 17 | Material Misrepresentation to a Creditor |
| Def. Sp. | 18 | Fraudulent Intent May Be Inferred |
| Def. Sp. | 19 | Reliance May Be Inferred |
| Def. Sp. | 20 | Reliance Established |
| Def. Sp. | 21 | Reliance can be established through an agent |

| Def. Sp. | 22 | Negligent Misrepresentation May Be Established Through Statements Made To A Third Person |
| Def. Sp. | 23 | Intent Is Not Required For A Valid Negligent Misrepresentation Claim |
| Def. Sp. | 24 | Negligent Misrepresentation Exists When Contrary Information Was In Possession |

**AFFIRMATIVE DEFENSES**

| Def. Sp. | 25 | Unclean Hands |
| Def. Sp. | 26 | Doctrine of Estoppel |
| Def. Sp. | 27 | Estoppel by Silence or Inaction |

9th Circ. 1.2 Duty of Jury (Court Reads and Provides Written Set
of Instructions at the Beginning of Trial)
[PROPOSED BY DEFENDANTS]

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected, and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

9th Circ. 1.3 Duty of Jury (Court Reads Instructions At The Beginning
Of Trial But Does Not Provide Written Copies)
[PROPOSED BY PLAINTIFFS]

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**[DEFENDANTS' OBJECTION:  The Defendants would prefer the use of instruction 1.2 and has submitted it]**

9th Circ. 1.4 Duty of Jury (Court Reads and Provides Written Instructions at End of Case)
[PROPOSED BY PLAINTIFFS]

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

9th Circ. 1.5 Claims and Defenses
[PROPOSED BY PLAINTIFFS]

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs Reginald and Rhonda Drakeford (a/k/a the "Drakefords" or "plaintiffs") assert that:

- Defendants violated the Truth in Lending Act (TILA);
- the lender defendants breached their loan contract with the plaintiffs;
- Defendants Marcel Bruetsch and Capital Benefit, Inc violated the Real Estate Settlement Procedures Act (RESPA);
- Defendants Marcel Bruetsch and Capital Benefit, Inc violated California's Rosenthal Fair Debt Collections Practices Act (Rosenthal Act); and
- Defendants Marcel Bruetsch and Capital Benefit, Inc. breached their fiduciary duties to plaintiffs.

The plaintiffs have the burden of proving these claims.

The Defendants and Counterclaimants denies those claims and make a protective counterclaim for intentional and negligent misrepresentation.

The Defendants and Counterclamants assert that:

- The Plaintiffs and Counterclaim Defendants represented through finder Fred Mayer that the loan was going to be used for a business purpose and business purpose loans are not covered by TILA, RESPA or the Rosenthal Act.
- The Plaintiffs and Counterclaim Defendants represented under penalty of perjury in multiple loan documents that the loan was to be used for a business purpose and no other purpose and the Defendants and Counterclaimants relied on those representations in funding the loan.
- The Plaintiffs and Counterclaim Defendants do not get the benefit of TILA, RESPA or the Rosenthal Act if they lied about the loan's purpose.
- The Plaintiffs and Counterclaim are liable for fraud and negligent mispresenation if you find that the loan was a consumer loan.

The Defendants and Counterclaimants have the burden of proof on these counterclaims and affirmative defenses.

The plaintiffs deny defendants' and counterlclaimants' counterclaims and affirmative defenses.

4

**PLAINTIFFS' OBJECTIONS (to Defendants' portion (highlighted in yellow)):**

**Defendants' statements are argumentative, i.e., not a neutral recitation of the Defendants' position appropriate for this introductory instruction.**

9th Circ. 1.6 Burden of Proof—Preponderance of the Evidence
[PROPOSED BY PLAINTIFFS]


When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

9th Circ. 1.7 Burden of Proof—Clear and Convincing Evidence
[PROPOSED BY PLAINTIFFS]


When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

9th Circ. 1.8 Two or More Parties—Different Legal Rights
[PROPOSED BY DEFENDANTS]

You should decide the case as to each [plaintiff] [defendant] [party] separately. Unless otherwise stated, the instructions apply to all parties.

**PLAINTIFFS' OBJECTION:**

**Defendants' counsel expressly represented to the Court that all of the jointly represented defendants would stand or fall together. This occurred on April 5, 2021 and was the basis for the Court's holding on Defendants' Motion In Limine No. 2.** *See* **Dkt. No. 64 (also Dkt. No. 55).**

**Of course, the liabilities of the parties will be sorted out. For example, only Bruetsch and Capital Benefit can be liable for the RESPA claim because only they are loan servicers. But this sorting should be done by the Court after verdict because it is a matter of law and would only add unnecessary confusion to the jurors tasks.**

9th Circ. 1.9 What Is Evidence
[PROPOSED BY PLAINTIFFS]

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

9th Circ. 1.10 What Is Not Evidence
[PROPOSED BY PLAINTIFFS]

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9th Circ. 1.11 Evidence for Limited Purpose
[PROPOSED BY PLAINTIFFS]

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

The testimony you are about to hear may be considered only for the limited purpose of proving or rebutting the specific claims at issue and not for any other purpose.

Plaintiffs' Special Instruction No. 1--Bruetsch Hearsay Testimony Not Evidence of Truth
Of The Matter

[PROPOSED BY PLAINTIFFS]

Marcel Bruetsch may testify as to things he says Fred Mayer says that Rhonda Drakeford
said.

This is called "hearsay."

It not evidence of what Mrs. Drakeford said and you should not consider it as such.

Authority: Order of MILs (Dkt. 64), A., D.

**[Defendants Objections:  This jury instruction is incomplete and designed to
obfuscate the Court's Order.  It should contain the complete version of the Court's
Order and the last two sentences should be replaced with this quotation from the
Court's Order, "Breutsche's testimony about what Mayer told him is hearsay but will
be admitted to explain Bruetsch's subsequent conduct and not for the truth of the
matter asserted."]**

9th Circ. 1.12 Direct and Circumstantial Evidence
[PROPOSED BY PLAINTIFFS]


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

CACI 202. Direct and Indirect Evidence

[PROPOSED BY DEFENDANTS AND COUNTERCLAIMANTS]

Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion.

Direct evidence can prove a fact by itself. For example, if a witness testifies she saw a jet plane flying across the sky, that testimony is direct evidence that a plane flew across the sky. Some evidence proves a fact indirectly.  For example, a witness testifies that he saw only the white trail that jet planes often leave. This indirect evidence is sometimes referred to as "circumstantial evidence."  In either instance, the witness's testimony is evidence that a jet plane flew across the sky.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Whether it is direct or indirect, you should give every piece of evidence whatever weight you think it deserves.


**PLAINTIFFS' OBJECTION:**


**Plaintiff presumes the Court intended to use the 9th Circuit Model Instruction (No. 1.12 above) as opposed to CACI with respect to matters of procedure and evidence.**

CACI 204. Willful Suppression of Evidence
[PROPOSED BY PLAINTIFFS]

You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

9th Circ. 1.13 Ruling on Objections
[PROPOSED BY PLAINTIFFS]


There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.


Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

9ᵗʰ Circ. 1.14 Credibility of Witnesses
[PROPOSED BY PLAINTIFFS]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9th Circ. 1.15 Conduct of the Jury

[PROPOSED BY PLAINTIFFS]

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it,although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth,

and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

9th Circ. 1.17 No Transcript Available to Jury
[PROPOSED BY PLAINTIFFS]


     I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

     However, during deliberations, you may ask for parts of the transcript to be read back to you.

9th Circ. 1.18 Taking Notes
[PROPOSED BY PLAINTIFFS]


If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

9th Circ. 1.19 Questions to Witnesses by Jurors
[PROPOSED BY PLAINTIFFS]


Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

[OBJECTION:  Defendants and Counterclaimants request that option 2 be provided, which says, "When attorneys have finished their examination of a witness, ou may ask questions of the witness.  You may do so by providing me with written questions.  If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attonrey smay ask additional questions."

9th Circ. 1.19 Questions to Witnesses by Jurors During Trial
[PROPOSED BY DEFENDANTS]

When attorneys have finished their examination of a witness, you may ask questions of the witness.  You may do so by providing me with written questions.  If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorney may ask additional questions.

9th Circ. 1.20 Bench Conferences and Recesses
[PROPOSED BY PLAINTIFFS]

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you were waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

9th Circ. 1.21 Outline of Trial
[PROPOSED BY PLAINTIFFS]

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

[DEFENDANTS' OBJECTION:  This needs to be revised to reflect that there is a counterclaim]

9th Circ. 1.21 Outline of Trial
[PROPOSED BY DEFENDANTS]

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs and counterclaim defendants will then present evidence, and counsel for the defendants and counterclaimants may cross-examine. Then the defendants and counterclaimants may present evidence, and counsel for the plaintiffs and counterclaim defendants may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**PLAINTIFFS' OBJECTION:**

**First**, the counterclaims are expressly contingent on a prior determination that the loan "falls under TILA, RESPA, and the RFDCPA." Dkt. No. 22, p. 24, ¶ 47; p. 25, ¶ 51. It is unclear how that should work.

**Second**, this instruction is unclear in its use of the verbiage "counterclaim defendants" etc.  The instruction should say that Defendants are also suing Plaintiffs and describe how that works.

9th Circ. 2.0 Cautionary Instructions
[PROPOSED BY PLAINTIFFS]

At the End of Each Day of the Case:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

At the Beginning of Each Day of the Case:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand.  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

9th Circ. 2.2 Stipulations of Fact
[PROPOSED BY PLAINTIFFS]


The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

9th Cir. 2.4 Deposition in Lieu of Live Testimony
[PROPOSED BY PLAINTIFFS]

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

If the deposition testimony is read to the jury by a court officer, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

[DEFENDANTS' OBJECTION:  There is not agreement for this.  All of the witnesses who were deposed will be available to examined and there is no reason to use a deposition in lieu of live testimony]

9th Cir. 2.9 Impeachment Evidence—Witness
[PROPOSED BY PLAINTIFFS]


The evidence that a witness has been convicted of a crime, lied under oath on a prior occasion, or committed another transgression may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

9th Cir. 2.13 Expert Opinion
[PROPOSED BY PLAINTIFFS]

You will hear testimony from experts named James Hibert and Dennis Doss. They will testify to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

CACI 220. Experts Questions Containing Assumed Facts

[PROPOSED BY DEFENDANTS AND COUNTERCLAIMANTS]

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

CACI 221. Conflicting Expert Testimony

[PROPOSED BY PLAINTIFFS]

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

CACI 223. Opinion Testimony of Lay Witness

[PROPOSED BY PLAINTIFFS]

Witnesses who are not testifying as experts may give an opinion during the trial. You may, but are not required to, accept that opinion. You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

9th Cir. 2.14 Charts and Summaries Not Received in Evidence
[PROPOSED BY PLAINTIFFS]


Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

9th Cir. 2.15 Charts and Summaries Received in Evidence
[PROPOSED BY PLAINTIFFS]


Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

9th Cir. 2.16 Evidence in Electronic Format
[PROPOSED BY PLAINTIFFS]

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

9th Cir. 3.1 Duty to Deliberate
[PROPOSED BY PLAINTIFFS]

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9th Cir. 3.2 Consideration of Evidence -- Conduct of the Jury
[PROPOSED BY PLAINTIFFS]

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start

over]. If any juror is exposed to any outside information, please notify the court immediately.

9th Cir. 3.3 Communication With Court
[PROPOSED BY PLAINTIFFS]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**[DEFENDANTS' OBJECTION:  There is language in here which is not in the applicable instruction. The word "numerically" and "Do not disclose any vote count in any note to the court" is not in the instruction.  "Numerically should be replaced with, "whether in terms of vote count" and the other statement should be deleted.**

9th Circ. 3.4 Readback or Playback
[PROPOSED BY PLAINTIFFS]


    If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, I will instruct you in open court, with both sides present, the following:

    Because a request has been made for a readback of the testimony of a witness it is being provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony. Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible. The readback could contain errors. The readback cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Plaintiffs' Special Instruction No. 2--Introduction to TILA

[PROPOSED BY PLAINTIFFS]


The Truth In Lending Act (a/k/a "T-I-L-A" or "TILA") is a statute designed to protect consumers from predatory loans and ensure consumers are provided with sufficient information regarding loans before they take them out.

Defendants admit that the Drakefords' mortgage loan in this case was a "high-cost mortgage" under TILA and that, if TILA applies in this case, they violated TILA's rules regarding such mortgages.

However, Defendants contend that TILA does not apply in this case.

You must decide if TILA applies or not based on the instructions that follow.

If TILA applies in this case, then the judge will decide what to do about the loan, and you will decide how much damages, if any, to award to the Drakefords.


Authority:

*Semar v. Platte Valley Federal S L Ass'n*,791 F.2d 699, 704 (9th Cir. 1986); *In re Ferrell*, 539 F.3d 1186, 1189 (9th Cir. 2008).

*See* Joint Pretrial Conference Statement, B(iv)2 ("Defendants, without waiver of their denials and affirmative defenses, stipulate that if the loan is determined to be covered by TILA, then it would be considered a "high-cost mortgage" (a/k/a HOEPA mortgage) under TILA with terms not allowed for a HOEPA mortgage, and that no TILA disclosures were given, such that it is subject to TILA rescission.")


**[DEFENDANTS OBJECTION: The first paragraph is argumentative and incorrect. The purpose of TILA is defined in Section 1601(a), which states, "The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."**

43

The second paragraph is argumentative.  It should be replaced with, "if you find that the subject loan is covered by TILA, then the loan will be referred to as a "high-cost mortgage."

The third paragraph is argumentative and incomplete, it should be revised to include," If TILA applies in this case, AND YOU DO NOT FIND THAT AN AFFIRMATIVE DEFENSE APPLIES, then the judge will decide what to do about the loan, and you will decide how much damages, if any, to award to the Drakefords.]

Plaintiffs' Special Instruction No. 3--Whether TILA Applies (Consumer Or Business Purpose)

[PROPOSED BY PLAINTIFFS]

Defendants claim that TILA does not apply to this loan because the Drakefords' obtained the loan primarily for business purposes and not primarily for a consumer purpose.

You must decide if the loan was primarily for a consumer purpose or a business purpose.

The loan was primarily for a consumer purpose if the Drakefords spent more than 50% of it for consumer purposes. As relevant here, such consumer purposes would include:

- •Home construction (home means principal residence)

- •Repaying a loan used for home construction

- •Home improvements, repairs, and furnishings

- •Paying consumer debts such as debt incurred primarily for personal, family, or household purposes

- •Consumer spending such as spending primarily for personal, family, or household purposes.

The fact that a home contains a business office does not make the money spent on that home a business purpose. Only money spent to improve a principal residence by putting in a business office would be considered money spent for a business purpose.

The loan was for primarily for business purposes if the Drakefords spent more than 50% of it on business purposes. As relevant here, such business purposes would include:

- •Improvements or repairs to a rental property

- •Buying or investing in a rental property.

Authority:

*In re Dawson*, 411 B.R. 1, 35-36 (Bankr. D.D.C. 2008); *Shames-Yeakel v. Citizens Financial Bank*,667 F. Supp. 2d 994, 1003 (N.D. Ill. 2009); 12 C.F.R. Pt. 226.3, Supp. I, §226.3(a)(3)(ii)(B); *In re Kelly* ,841 F.2d 908, 913 (9th Cir. 1988).

**[Defendants' Objection: Defendants object to Plaintiff's [Proposed] Special Instruction No. 3. – "Whether TILA Applies (Consumer or Business Purpose)" because the**

instruction significantly deviates from the applicable law and standards and appears to be based solely on deposition testimony given by one of the non-expert witnesses in this case (Marcel Bruetsch).

Under Comment for 1026.3 – Exempt Transactions to Regulation Z, the actual factors that a court should consider in determining whether credit to finance an acquisition – such as securities, antiques, or art – is primarily for business or commercial purposes (as opposed to a consumer purpose) include the following:

A. The relationship of the borrower's primary occupation to the acquisition. The more closely related, the more likely it is to be business purpose.

B. The degree to which the borrower will personally manage the acquisition. The more personal involvement there is, the more likely it is to be business purpose.

C. The ratio of income from the acquisition to the total income of the borrower. The higher the ratio, the more likely it is to be business purpose.

D. The size of the transaction. The larger the transaction, the more likely it is to be business purpose.

E. The borrower's statement of purpose for the loan.

In *In re Dawson* 411 B.R. 1 (Bankr. D.D.C. 2008), the evidence was that the borrower stated she was using the proceeds to pay off a mortgage nearing default and to renovate the residence for sale; nothing in *In re Dawson* suggests a fixed percentage, such as the 50% number offered by Plaintiffs, is dispositive, much less a guiding principle. The same is true for *Shames-Yeakerl v. Citizens Financial Bank*, 677 F.Supp.2d 994 (N.D. Ill. 2009), which does not cite a percentage or proportion calculation; rather, the case indicates the entire factual circumstances of a transaction should be considered when determining whether a particular transaction had a primarily consumer or business nature, with the object of the credit transaction generally controlling the inquiry, as opposed to the property on which the lender retains a security interest. *Id*. at p. 1002. And last, *In re Kelly*, 841 F.2d 908 (9th Cir. 1988) is not a case involving TILA or RESPA.]

Plaintiffs' Special Instruction No. 4 –Loan Documents Do Not Control

[PROPOSED BY PLAINTIFFS]

The loan documents do not control whether the loan is covered by TILA.

You must look at the entire transaction to determine the borrowers' primary motive for obtaining the loan.

Authority:

*Sundby v. Marquee Funding Grp., Inc*., Case No.: 3:19-CV-0390, 2020 WL 5535357, *13 (S.D.Cal., Sep. 15, 2020); *Mauro v. Countrywide Home Loans, Inc*., 727 F. Supp. 2d 145, 153 (E.D.N.Y. 2010).

**[Defendants' Objection: Defendants object to Plaintiff's [Proposed] Special Instruction No 4. – "Loan Documents do not Control" because the instruction significantly deviates from the applicable law is misleading as to the significant relevance of what is stated in the loan documents.**

**Under Comment for 1026.3 – Exempt Transactions to Regulation Z, the actual factors that a court should consider in determining whether credit to finance an acquisition – such as securities, antiques, or art – is primarily for business or commercial purposes (as opposed to a consumer purpose) include the following:**

**A. The relationship of the borrower's primary occupation to the acquisition. The more closely related, the more likely it is to be business purpose.**

**B. The degree to which the borrower will personally manage the acquisition. The more personal involvement there is, the more likely it is to be business purpose.**

**C. The ratio of income from the acquisition to the total income of the borrower. The higher the ratio, the more likely it is to be business purpose.**

**D. The size of the transaction. The larger the transaction, the more likely it is to be business purpose.**

**E. The borrower's statement of purpose for the loan.**

Plaintiffs' Special Instruction No. 5—Lender Duty to Determine if TILA Applies

[PROPOSED BY PLAINTIFFS]


It is the lender's duty to determine in each case if a loan is covered by TILA or not.

In this case, Marcel Breutsch and Capital Benefit, Inc. undertook that duty on behalf of the lenders as their agent and is responsible for that determination.


Authority:

*In re Dawson*, 411 B.R. 1, 35-36 (Bankr. D.D.C. 2008); 12 C.F.R. Pt. 226.3, Supp. I, §226.3(a)(1*)); Semar v. Platte Valley Federal S L Ass'n*, 791 F.2d 699, 705 (9th Cir. 1986).

**[Defendants' Objections: This instruction is incomplete.  It should add, "unless you determine that an applicable affirmative defense applies."]**

Plaintiffs' Special Instruction No. 6—TILA Applied Liberally

[PROPOSED BY PLAINTIFFS]


TILA is applied liberally to protect consumer borrowers.

A loan may be covered by TILA whether or not the lender believed it was for a business purpose.


Authority:

*In re Dawson*, 411 B.R. 1, 35-36 (Bankr. D.D.C. 2008); 12 C.F.R. Pt. 226.3, Supp. I, §226.3(a)(1*)); Semar v. Platte Valley Federal S L Ass'n*, 791 F.2d 699, 705 (9th Cir. 1986).


**[Defendants' Objections: This instruction is incomplete.  It should add, "unless you determine that an applicable affirmative defense applies." Also argumentative to the extent it says "whether or not the lender believed it was for a business purpose."]**

Plaintiffs' Special Instruction No. 7—Deliberate Steps to Mislead Lender

[PROPOSED BY PLAINTIFFS]

When a sophisticated borrower takes deliberate and calculated steps to mislead a lender into believing that a loan is being obtained for business purposes, the borrower is not entitled to later invoke the protections of the TILA based upon an assertion that, notwithstanding what the lender was led to believe, the loan was actually obtained for personal purposes.

If you determine that this occurred in this case, then you may determine that TILA does not apply.

Authority:

*In re Dawson*, 411 B.R. 1, 36 (Bankr. D.D.C. 2008).

**[Defendants' Objections:  The first sentence is misleading and confusing as this instruction gives two different directives. Also, the use of the proceeds is not the primary factor.  See, 15 C.F.R. Section 1023.3 (Official Interpretation 3(a)3) We propose the deletion of the first paragraph/sentence]**

Plaintiffs' Special Instruction No. 8—TILA Damages

[PROPOSED BY PLAINTIFFS]

If you decide that TILA applies in this case, then you must decide how much, if any, compensation the Drakefords are entitled to for their "actual damages" resulting from the violation.

These "actual damages" may include any emotional distress or mental suffering that Reginald or Rhonda Drakeford suffered as a result the defendants' violations or failure to honor the Drakefords' rescission of the loan under TILA.

Additionally, whether or not you award actual damages, if you find that TILA was violated, you must award statutory damages not less than $400 or greater than $4,000.

Further instructions about how to determine these damages will be provided later in these instructions.


Authority:

15 U.S. Code § 1640(a); *McLean v. GMAC Mortg. Corp*., 398 Fed.Appx. 467, 471 (11th Cir. 2010); *Johnstone v. Bank of America, N.A*., 173 F. Supp. 2d 809, 814-16 (N.D. Ill. 2001).


**[Objection: to be complete, it must further state that "to the extent an affirmative defense does not bar application of TILA."]**

Defendants' Special Jury Instruction No. 1
TILA – Burden of Proof

When seeking to invoke the protections of TILA to rescind a loan, a borrower has the burden of demonstrating that the loan was truly a consumer loan, rather than a commercial loan.

Authority: *Gilliam v. Levine* (9th Cir. 2020) 955 F.3d 1117, 1120

**PLAINTIFFS' OBJECTION:**

**The proposed instruction contains unnecessary and argumentative verbiage.**

**Plaintiffs agree they have the burden of proof that TILA applies.**

**The statement of the burden of proof should be added to Plaintiffs' Special Instruction No. 3.  The Court should maintain the "business purpose" versus "consumer purpose" dichotomy for the jury.**

***Gilliam v. Levine,* 955 F.3d 1117, 1120 (2020), as relevant here, holds only that "[f]or a loan to qualify as a consumer credit transaction under the statute, a borrower must *demonstrate* that the loan was extended to (1) a natural person, and was obtained (2) 'primarily for personal, family, or household purposes.' 15 U.S.C. § 1602(i)." (emphasis added). Thus, if Defendants seek an instruction tracing *Gilliam*, that instruction would simply be: "The Drakefords must demonstrate that the primarily for personal, family, or household purposes."**

Defendants' Special Jury Instructions No. 2
TILA – When Classifying a Loan

When classifying a loan, you must examine the transaction as a whole, paying particularattention to the purpose for which credit was extended in order to determine whether thetransaction was primarily consumer or commercial in nature.

Authority:  *Bloom v. I.C. Systems, Inc.* (9th Cir. 1992) 972 F.2d 1067, 1068

**PLAINTIFFS' OBJECTION:**

**This language applies to the courts addressing the question of law not to the jurors resolving questions of fact.** *See Bloom v. I.C. Sys., Inc.,* **972 F.2d 1067, 1068 (1992) (quoting** *Tower v. Moss,* **625 F.2d 1161, 1166 (5th Cir. 1980)) ("When classifying a loan, courts typically 'examine the transaction as a whole'…").**

**It is confusing because it could be construed as referring to the** *lenders'* **obligation when classifying a loan. It is the lenders' duty to determine whether TILA applies.** *In re Dawson,* **411 B.R. 1, 35-36 (Bankr. D.D.C. 2008); 12 C.F.R. Pt. 226.3, Supp. I, §226.3(a)(1));** *Semar v. Platte Valley Federal S L Ass'n,* **791 F.2d 699, 705 (9th Cir. 1986).** *See* **Plaintiffs' Special Instruction No. 5.**

**The proper instructions for the jury to determine** *factually* **whether a loan was for business or consumer purposes** *in this case* **are set forth in Plaintiffs' Special Instruction Nos. 3-4, 6-7. To the extent adjustments need to be made, the adjustments should happen within those instructions.**

Defendants' Special Jury Instruction No. 3
TILA – Business Purpose Exemption

If a loan is for a business or commercial purpose, than TILA does not apply.

Authority:  15 U.S.C. Section 1603(1)

**PLAINTIFFS' OBJECTION:**

**This instruction merely repeats prior instructions. *See* Plaintiffs' Special Instruction No. 3.  The proper instructions for the jury to determine *factually* whether a loan was for business or consumer purposes *in this case* are set forth in Plaintiffs' Special Instruction Nos. 3-4, 6-7. To the extent adjustments need to be made, the adjustments should happen within those instructions.**

Defendants' Special Jury Instruction No. 4
TILA – 5 Factors Which May Be Considered


Factors. In determining whether credit to finance an acquisition—such as securities, antiques, or art—is primarily for business or commercial purposes (as opposed to a consumer purpose), the following factors should be considered:

A.      The relationship of the borrower's primary occupation to the acquisition. The moreclosely related, the more likely it is to be business purpose.
B.      The degree to which the borrower will personally manage the acquisition. Themore personal involvement there is, the more likely it is to be business purpose.
C.      The ratio of income from the acquisition to the total income of the borrower. Thehigher the ratio, the more likely it is to be business purpose.
D.      The size of the transaction. The larger the transaction, the more likely it is to bebusiness purpose.
E.      The borrower's statement of purpose for the loan.


Authority:  15 C.F.R. Section 1023.3 (Official Interpretation 3(a)3


**PLAINTIFFS' OBJECTION:**

**The *Thorns* factors are not helpful for the jury's *factual* determination of the dispositive issue in this case: whether the loan *in this case* was for business purposes versus consumer purposes. *See Sundby v. Marquee Funding Grp., Inc.,* 2020 U.S. Dist. LEXIS 168682, 2020 WL 5535357 (2020) (recent general discussion regarding state of TILA law).**

**The proper instructions for the jury to determine *factually* whether a loan was for business or consumer purposes *in this case* are set forth in Plaintiffs' Special Instruction Nos. 3-4, 6-7. To the extent adjustments need to be made, the adjustments should happen within those instructions.**

Defendants' Special Jury Instruction No. 5
TILA – Stated Use Will Control

If the consumer originally intended to use the proceeds primarily for a business purposeand so informed the lender, and subsequently changed his or her mind and spent it for personal purposes, the stated purposes will control (unless the stated purpose was obtained by the creditor as a device to evade TILA requirements).

Authority:  National Consumer Law Center, Truth in Lending (10th ed. 2019), updated at ww.nclc.org/library, § 2.4.2.2.1

Defendants' Special Jury Instruction No. 6
TILA – Deliberate Steps to Mislead

"When a sophisticated borrower takes deliberate and calculated steps to mislead a lender into believing that a loan is being obtained for commercial purposes, the borrower is not entitled to later invoke the protections of TILA based upon an assertion that, notwithstanding what the lender was led to believe, the loan was actually obtained for personal purposes."

Authority: *In re Dawson* (Bankr. D.C. 2008) 411 B.R. 1, 36

**PLAINTIFFS' OBJECTION:**

**This is the same as Plaintiffs' Special Instruction No. 7 except that the plaintiffs replaced the word "commercial" with the word "business."**

Defendants' Special Jury Instruction No. 7
TILA – Unintentional Violation

If you find that TILA applies here, which is a disputed issue of fact, and you find that the creditors' or their agents maintained procedures reasonably adapted to avoid any such error relative to TILA, that is a complete defense to the TILA claim.

Authority:  15 U.S.C. Section 1640(c)

**PLAINTIFFS' OBJECTION:**

**<u>First</u>, the Unintentional Error defense to a TILA claim is far more specific and applies only to clerical errors and the like:**

> **A creditor or assignee may not be held liable in any action brought under this section [under TILA] if the creditor or assignee shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Examples of a bona fide error include, but are not limited to, clerical, calculation, computer malfunction and programing, and printing errors, except that an error of legal judgment with respect to a person's obligations under this subchapter is not a bona fide error.**

**15 U.S.C. § 1640(c); *see also Palmer v. Wilson,* 502 F.2d 860, 861 (9th Cir. 1974) ("The defendants' omissions ... were not the result of clerical errors, which are the only violations [§ 1640(c)] was designed to excuse.").**

**<u>Second</u>, to obtain this instruction, Defendants must present evidence supporting the existence of the defense. *See* Dkt. No. 64, Order on MIL No. IX ("Argument regarding the unintentional error defense may be permissible depending on what evidence at trial shows.")**

Defendants' Special Jury Instruction No. 8
TILA – Unintentional Violation Based on Reliance on Consumer

If the determination of whether TILA applies is made in reliance upon information provided by the consumer, and is erroneous, the creditor is protected from civil liability if the creditor can show it was an unintentional violation that resulted from a bona fide error.

Authority:  National Consumer Law Center, Truth in Lending (10th ed. 2019), at ww.nclc.org/library, §2.4.2.1; 15 U.S.C. § 1640(c).

**PLAINTIFFS' OBJECTION:**

**First, the Unintentional Error defense to a TILA claim is far more specific and applies only to clerical errors and the like:**

> **A creditor or assignee may not be held liable in any action brought under this section [under TILA] if the creditor or assignee shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Examples of a bona fide error include, but are not limited to, clerical, calculation, computer malfunction and programing, and printing errors, except that an error of legal judgment with respect to a person's obligations under this subchapter is not a bona fide error.**

**15 U.S.C. § 1640(c);** *see also Palmer v. Wilson,* **502 F.2d 860, 861 (9th Cir. 1974) ("The defendants' omissions ... were not the result of clerical errors, which are the only violations [§ 1640(c)] was designed to excuse.").**

**Second, to obtain this instruction, Defendants must present evidence supporting the existence of the defense.** *See* **Dkt. No. 64, Order on MIL No. IX ("Argument regarding the unintentional error defense may be permissible depending on what evidence at trial shows.")**

Plaintiffs' Special Instruction No. 9—Whether Default Interest Was Legal (Judge Decides)

[PROPOSED BY PLAINTIFFS]


The loan agreement in this case had a "Default Interest" provision that increased the interest rate charged from 11.5% to 19.5% when the loan account became 30 days past due.

The judge will tell you whether that Default Interest provision was legal or not in this case under California law. You are to follow the judge's instructions in this regard.

If the judge instructs you that the Default Interest provision was not legal, then it is void, and you are to treat the loan agreement as if the Default Interest provision is not there.


Authority:

Cal. Civ. Code § 1671; *Ridgley v. Topa Thrift & Loan Ass'n* (1998) 17 Cal.4th 970, 977-78; *Garrett v. Coast Southern Fed. Sav. Loan Assn*., 9 Cal.3d 731, 738 (1973).

*See* Dkt. No. 64, Order on MIL No. E ("The Court will issue instructions on the default interest provision as appropriate.")


**[Defendants' Objection:  This provision should be determined by the jury as part of the breach of contract cause of action.  Also, it misstates the law as contained in the RFDCPA by and through the FDCPA/15 U.S.C. § 1692f(1) because the default interest is expressly permitted by the contract]**

Plaintiffs' Special Instruction No. 10— Whether Default Interest Was Legal (Jury Decides)

[PROPOSED BY PLAINTIFFS]

The loan agreement in this case had a "Default Interest" provision that increased the interest rate charged from 11.5% to 19.5% when the loan account became 30 days past due.

You the jury must decide if that provision was legal in this case based on the following instructions.

If you decide that the Default Interest provision was not legal, then it is void, and you are to treat the loan agreement as if the Default Interest provision is not there.

Authority:

Civ. Code § 1671; *Ridgley v. Topa Thrift & Loan Ass'n* (1998) 17 Cal.4th 970, 977-78; *Garrett v. Coast Southern Fed. Sav. Loan Assn*., 9 Cal.3d 731, 738 (1973).

*See* Dkt. No. 64, Order on MIL No. E ("The Court will issue instructions on the default interest provision as appropriate.")

**[Objection: The jury should decide the breach of contract and then legally the judge must make the ultimate determination on this issue]**

Plaintiffs' Special Instruction No. 11 —Default Interest is Liquidated Damages

[PROPOSED BY PLAINTIFFS]

Under California law, this "Default Interest" provision in a contract is considered to be a provision liquidating damages for breach of that agreement, which is called a "Liquidated Damages" provision for short.

Authority:

Civ. Code § 1671; *Ridgley v. Topa Thrift & Loan Ass'n* (1998) 17 Cal.4th 970, 977-78; *Garrett v. Coast Southern Fed. Sav. Loan Assn*., 9 Cal.3d 731, 738 (1973).

Plaintiffs' Special Instruction No. 12—Civil Code § 1671 (Liquidated Damages)

[PROPOSED BY PLAINTIFFS]

Liquidated Damages are governed by section 1671 of the California Civil Code, which provides in relevant part as follows:

A provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made.

Authority:

Cal. Civ. Code § 1671.

Defendants' Special Jury Instruction No. 12
The Loan's Interest Rate is Proper

The loan was arranged by Capital Benefit, a duly licensed real estate broker, so it is exempt from any interest rate limitations.

Authority:  California *Civil Code* § 1916.1

**PLAINTIFFS' OBJECTION:**

**This instruction is an improper and incorrect statement of irrelevant law.**

<u>**First**</u>**, the loan is exempt from usury laws only, not from unconscionability limitations in general.** *See* **Civ. Code § 1916.1; Civ. Code §§ 1670-1671.**

<u>**Second**</u>**, the Court has already determined this issue is a matter of argument, not legal instruction.** *See* **Dkt. No. 64, Order on MIL No. E ("As a general matter, defendants can explain why they believe the default interest provision was common for a private money loan and that usury laws did not preclude it.")**

Defendants' Special Jury Instruction No. 13
Late Fees and Default Interest Are Proper

Late charges and default interest are properly charged when a borrower voluntarydefaults under a loan.

Authorities: *First American Title Insurance & Trust Co. v. Cock* (1970) 12 Cal.App.3d 592, 596-597.

**PLAINTIFFS' OBJECTION:**

**This instruction is an improper and incorrect statement of irrelevant law.**

**The law regarding whether a default interest rate provision is valid is set forth in Plaintiffs Special Instructions Nos. 9-12 above. *See also* Dkt. No. 64, Order on MIL No. E ("The Court will issue instructions on the default interest provision as appropriate. As a general matter, defendants can explain why they believe the default interest provision was common for a private money loan and that usury laws did not preclude it.")**

**There is no contention in this case that the loan was subject to usury laws. The cited authority pertains to loans that *are* subject to usury law and stands solely for the proposition that such loans are not rendered usurious by virtue of late fees or default charges. *See First American Title Insurance & Trust Co. v. Cock,* 12 Cal.App.3d 592, 596-597 (1970) ("Whether a transaction is usurious must be determined as of the time of the transaction. An agreement which is not usurious in its inception cannot become so by reason of the borrower's subsequent default."). Unconscionability limitations still apply. *See* Civ. Code § 1916.1; Civ. Code §§ 1670-1671.**

65

Defendants' Special Jury Instruction No. 14
Liquidated Damages Are Presumptively Valid

A provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made.

Authorities:  California *Civil Code* § 1671 (b) and Fed. R. Evid. 301

**PLAINTIFFS' OBJECTION:**

**This duplicates Plaintiffs' Special Instruction No. 12.**

CACI 300. Breach of Contract—Introduction

[PROPOSED BY PLAINTIFFS]

It is undisputed that Reginald and Rhonda Drakeford (a/k/a the "Drakefords") had a lending contract with the Robert and Waltraud Williams and Richard Westin (a/k/a the "lenders" or "lender defendants").

The Drakefords claim that the lenders breached this contract when their servicing agents for the loan (Marcel Bruetsch and Capital Benefit, Inc.) attempted to collect Default Interest from them because the Default Interest provision of the contract was illegal and therefore void.

The Drakefords also claim that the lenders' breach of the contract caused them harm.

**[Objection – enforcing a provision in a contract cannot possibly be a breach of that very contract.]**

CACI 316. Interpretation—Meaning of Technical Words

[PROPOSED BY DEFENDANTS AND COUNTERCLAIMANTS]

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

**PLAINTIFFS' OBJECTION:**

**There is no evidence of any dispute over the meaning of technical words in a contract. Any terms that the jury cannot understand must be construed against Defendants as the drafters of the loan documents. *See* CACI 320.**

CACI 320. Interpretation—Construction Against Drafter

[PROPOSED BY PLAINTIFFS]

In determining the meaning of the words of the contract, you must first consider all of the other instructions that I have given you. If, after considering these instructions, you still cannot agree on the meaning of the words, then you should interpret the contract against [the party that drafted the disputed words/the party that caused the uncertainty].

CACI 303. Breach of Contract—Essential Factual Elements

[PROPOSED BY PLAINTIFFS]

To recover from the lenders for breach of contract, the Drakefords must prove all of the following:

1. That the Drakefords and the lenders entered into the lending contract (this is undisputed);

2. That the Drakefords were excused from having to continue making monthly payments under the contract because the lenders demanded that they pay Default Interest.

3. That the lenders breached the contract by trying to collect the Default Interest and by trying to foreclose on the Drakefords for not paying the Default Interest.

4. That the Drakefords were harmed; and

5. That the lenders' breach of the contract was a substantial factor in causing their harm.

**[Objection – Plaintiffs do not cite any supporting legal authority, nor is there, that a borrower is excused for making monthly payments because the lender sought to enforce a default interest provision in the agreement; this also overlooks that the borrowers failed to make their monthly payments and were subject to foreclosure and were in arrears in non-default interest]**

## 360. Nominal Damages

If you decide that the Lenders breached the contract but also that the Drakefords were not harmed by the breach, you may still award the Drakefords nominal damages such as one dollar.

Plaintiffs' Special Instruction No. 13--Real Estate Settlement Procedures Act Liability

[PROPOSED BY PLAINTIFFS]

A law called the Real Estate Settlement Procedures Act (a/k/a "R-E-S-P-A" or "RESPA") requires that a mortgage loan be more than 120 days delinquent before a loan servicer makes the first notice or filing required to conduct a non-judicial foreclosure on that loan.

It is undisputed that Defendants Marcel Bruetsch and Capital Benefit, Inc. were the loan servicer of the Drakefords' loan.

The Drakefords contend that Mr. Bruetsch and Capital Benefit violated RESPA by initiating foreclosure when the Drakefords were not yet 120 days delinquent on their loan payments.

To prevail on this claim, the Drakefords must prove the following:

- That the loan was not primarily for business purposes (as discussed in relations to TILA above).

- That the loan was not yet 120 days delinquent when Capital Benefit commenced the foreclosure by recording the Notice of Default and Election to Sell Under Deed of Trust.

Authority:12 CFR 1024.41(f).

*See* Joint Pretrial Conference Statement, B(i)9

**[Defendants' Objections:  This should clarify that RESPA only applies to "consumer loans" and not business purpose loans.  See, 12 U.S.C. § 2606(a)(1).  It should also reference the potential applicability of affirmative defenses]**

Plaintiffs' Special Instruction No. 14--RESPA Damages

[PROPOSED BY PLAINTIFFS]


If you decide that Mr. Bruetsch and Capital Benefit violated RESPA, then you must decide how much, if any, compensation the Drakefords are entitled to for that violation.

Under RESPA, the Drakefords are entitled to recover their "actual damages" suffered as a result of the violation, which include any emotional distress or mental suffering that occurred as a result.

Additionally, whether or not you award actual damages, if you find that RESPA was violated, you may award statutory damages in any amount you determine up to $2000 if you also determine that Mr. Bruetsch and Capital Benefit engaged in a pattern or practice of noncompliance with RESPA.

Further instructions about how to determine these damages will be provided later in these instructions.



Authority:

12 U.S.C § 2605(f); 12 C.F.R.§ 1024.41(f).


**[Defendants' objection:  this presumes they suffered emotional distress and is argumentative.  Should be revised accordingly. It should clarify that such damages are not allowed if it is determined that it was a business purpose loan and not a consumer loan, or that an affirmative defense applies]**

9th Circ. 5.6 NOMINAL DAMAGES

[PROPOSED BY PLAINTIFFS]

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiffs but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**[Objection: this is repetitive of the previous nominal damages instruction, and there are no nominal damages claims under RESPA]**

Defendants' Special Jury Instruction No. 9
RESPA


If a loan is for a business or commercial purpose, than RESPA does not apply.


Authority:  12 C.F.R. Section 1024.5(b)(2)


**PLAINTIFFS' OBJECTION:**

**This is repetitive of the first element of Plaintiffs' Special Instruction No. 13 above.  If the Court keeps this instruction, it should delete item 1 of Plaintiffs' Special Instruction No. 13 above.**

Plaintiffs' Special Instruction No. 15--Introduction to the Rosenthal Act

[PROPOSED BY PLAINTIFFS]

The Drakefords allege that the Defendants Marcel Bruetsch and Capital Benefit, Inc. engaged in efforts to collect a consumer debt in a manner that violates California's Rosenthal Fair Debt Collection Practices Act (a/k/a the "Rosenthal Act").

To prevail on their Rosenthal Cat claim, the Drakefords must prove the following:

1. That the loan was not primarily for business purposes (as discussed in relation to TILA above).

2. That Mr. Bruetsch and Capital Benefit engaged in conduct that is prohibited by one or more provisions of the Rosenthal Act.

Authority:

Civ. Code 1788.2(b), (c), (f); Civ. Code § 1788.17; 15 USC § 1692e, e(2)(A), e(4), (e)(5),(e)(10), 1692f, f(1), f(6)); *Corvello v. Wells Fargo Bank N.A*., 728 F.3d 878, 885 (9th Cir.2013); *Reyes v. Wells Fargo Bank, N.A*., 2011WL 30759, 59 2011 U.S. Dist LEXIS 2235, at *59 (N.D. Cal. January 3, 2011); *Bridge v. Ocwen Fed. Bank*, FSB, 681 F.3d 355 (6th Cir. 2012).

**[Defendants' Objections:  The use of the loan proceeds is not the dispositive issue. Also, this should include a statement that Marcel Bruetsch and Capital Benefit, Inc. deny these allegations]**

Plaintiffs' Special Instruction No. 16-- Debt Collection Under Rosenthal Act

[PROPOSED BY PLAINTIFFS]

Under the Rosenthal Act:

- Collecting mortgage payments or fees is "debt collection," whether the payments are late or not.

- Pursuing foreclosure is also considered "debt collection."

Authority:

*Davidson v. Seterus, Inc.*, 21 Cal.App.5th 283, 303 (2018); Cal. Civ. Code § 1788.2(f); *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036 (2019).

**[Defendants objection: should also state, "if it is a consumer debt, and not a business purpose debt," or something to like effect. This needs to state that debt collection in and of itself is not a violation of the Rosenthal Act]**

Plaintiffs' Special Instruction No. 17—Alleged Rosenthal Act Violations

[PROPOSED BY PLAINTIFFS]

As relevant here, the Rosenthal Act prohibits:

1. the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt or attempt to collect any debt;

2. the false representation of the character, amount, or legal status of any debt;

3. threatening to take any action that cannot legally be taken in connection with collecting a debt or attempting to collect a debt;

4. the use of any unfair or unconscionable means to collect or attempt to collect any debt;

5. the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law; or

6. the collection or attempted collection of any debt that is void or illegal.

Authority:

15 U.S.C §§ 1692e-1692f, incorporated by Cal. Civ. Code § 1788.17.

**[Defendants' objection:  #6 is contradicted by 15 U.S.C. § 1692f(1) as the default interest is expressly permitted by the contract]**

Plaintiffs' Special Instruction No. 18--Rosenthal Act Is Strict Liability

[PROPOSED BY PLAINTIFFS]


The Rosenthal Fair Debt Collections Practices Act is a "strict liability" statute.

This means that Defendants Marcel Bruetsch and Capital Benefit, Inc.  are liable if they violated the Rosenthal Act whether they intended to violate it or not.

The Drakefords need not prove that Mr. Bruetsch or Capital Benefit knew that they were doing something illegal or that they intended to violate the law to establish a Rosenthal Act violation.


Authority:

Cal. Civ.Code § 1788.17; *Clark v. Capital Credit & Collection Servs*.,460 F.3d 1162, 1175-76 (9th Cir. 2006); *Costa v. National Action Financial Services*, 634 F.Supp.2d 1069, 1075 (E.D.Cal. 2007); *Irwin v. Mascott*,112 F.Supp.2d 937, 963 (N.D.Cal. 2000); *Reed v. Global Acceptance Credit Co*., 2008 WL 3330165, 2-3 (N.D.Cal. 2008).


**[Defendants' Objections:  The last sentence should be removed.  It implies that the default interest provision is void or illegal when it has not been proven to be so]**

Plaintiffs' Special Instruction No. 19--Rosenthal Act Least Sophisticated Debtor

[PROPOSED BY PLAINTIFFS]

The standard applied to consumer borrowers under the Rosenthal Act is called the "least sophisticated debtor" standard.

To determine whether Mr. Bruetsch or Capital Benefit violated the Rosenthal Act, you should look at events from the Drakefords' the point of view of and apply the "least sophisticated debtor" standard to the Drakefords' conduct and perceptions of events.

The "least sophisticated debtor" standard is objective and meant to protect all consumers--the gullible, the ignorant, the unthinking, and the credulous, as well as the shrewd.

Authority:

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007); *Swanson v. S. Or. Credit Serv*., 869 F.2d 1222, 1225 (9th Cir. 1988); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011); *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir.1997); *Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1171 (9th Cir. 2006).

**[Objection: Argumentative to say "to look at events from the Drakefords' point of view]**

80

Plaintiffs' Special Instruction No. 20--Rosenthal Act is Broadly Construed

[PROPOSED BY PLAINTIFFS]

The Rosenthal Act is construed broadly to achieve its goal of protecting the public from unfair debt collection practices.

Authority:

*Davidson v. Seterus, Inc*., 21 Cal.App.5th 283, 289 (2018).

**[Objection: Repetitive of Special Instruction No. 18]**

Plaintiffs' Special Instruction No. 21—Rosenthal Act Damages

[PROPOSED BY PLAINTIFFS]

If you decide that Marcel Bruetsch or Capital Benefit violated the Rosenthal Act, then you must decide how much, if any, compensation should be awarded to the Drakefords for that violations.

Under the Rosenthal Act, the Drakefords are entitled to recover their "actual damages" suffered as a result of the violation, which includes any emotional distress or mental suffering that resulted from the violation.

Additionally, whether or not you award actual damages, if you find that the Rosenthal Act was violated, you may award statutory damages in any amount you determine up to $1000.

Further instructions about how to determine these damages will be provided later in these instructions.


Authority:

Cal. Civ. Code § 1788.17; 15 U.S. Code § 1692k(a)(1)&(a)(2)(A); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (2011).


**[Objection to the term "for that violations" in the first paragraph as it implies multiple violations and is unnecessary; the second paragraph should begin "If you determine there was a violation . . ..]**

Defendants' Special Jury Instruction No. 10
RFCDPA

If a loan is for a business or commercial purpose, than the Rosenthal Fair Debt Collection Practices does not apply.

Authorities:  *Bloom v. I.C. Sys. Inc.* (9th Cir. 1992) 972 F.2d 1067, 1068 and California *Civil Code* § 1788.2(e)

**PLAINTIFFS' OBJECTION:**

**This is repetitive of the first element of Plaintiffs' Special Instruction No. 15 above.  If the Court keeps this instruction, it should delete item 1 of Plaintiffs' Special Instruction No. 15 above.**

Defendants' Special Jury Instruction No. 11
RFDCPA

A violation of the RFDCPA, *Civil Code* § 1788.17 /15 U.S.C. § 1692f requires the Plaintiffs to establish that each Defendant, respectively, did one or more of the following:

- collection of amounts not authorized by agreement creating the debt or permitted by law
- improprieties with cashing or not cashing of checks
- causing concealed communications charges to be made
- threating nonjudicial action when there is no enforceable security interest, no intention to take such action or the property is exempt
- communicating by postcard
- using improper symbols or languages

Authorities:  *Civil Code* § 1788.17 /15 U.S.C. § 1692f

**PLAINTIFFS' OBJECTION:**

**This is a completely incorrect statement of the law. *See* 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …"); Plaintiffs' Special Instruction No. 17 (listing alleged Rosenthal Act violations in this case).**

**Second, Plaintiffs only make Rosenthal Act claims against Bruetsch and Capital Benefits.**

CACI 4100. "Fiduciary Duty" Explained (modified)

[PROPOSED BY PLAINTIFFS]


Mortgage loan brokers owe what is known as a fiduciary duty to their clients.

As the only mortgage loan brokers involved in the loan transaction in this case, Marcel Bruetsch and Capital Benefit are deemed to be the Drakefords' mortgage brokers and the Drakefords are deemed to be their clients.

Because of this relationship, Marcel Bruetsch and Capital Benefit owed the Drakefords a fiduciary duty in the transaction.

A fiduciary duty imposes on a mortgage loan broker a duty to act with the utmost good faith in the best interests of his client.


Additional Authority:

Order of MILs (Dkt. 64), B; Cal. Civ. Code § 2923.1.


**[Defendants' Objections: To the second paragraph, the words "are deemed to be the Drakefords' mortgage brokers" and "the Drakefords are deemed to be their clients" is unnecessary and may simply state after the words "Capital Benefit" the following: "…were fiduciaries to the Drakefords."**

Plaintiffs' Special Instruction No. 22—Full and Accurate Disclosure of Loan Terms

[PROPOSED BY PLAINTIFFS]

The law imposes on mortgage loan brokers an obligation to make a full and accurate disclosure of the terms of a loan to borrowers and to act always in the utmost good faith toward the borrowers.

Authority:

*Wyatt v. Union Mortgage Co*., 24 Cal. 3d 773, 782 (1979); *also* Order of MILs (Dkt. 64), B; Cal. Civ. Code § 2923.1.

Plaintiffs' Special Instruction No. 23—Disclosure of Loan Terms—Essential Elements

[PROPOSED BY PLAINTIFFS]

The Drakefords claim that they were harmed by Marcel Bruetsch and Capital Benefit's breach of their fiduciary duties to provide full and accurate disclosure of the loan terms to the Drakefords.  To establish this claim, the Drakefords must prove of the following:

1. That Marcel Bruetsch and Capital Benefit were the Drakefords mortgage loan brokers (this is established as a matter of law);

2. That Marcel Bruetsch and Capital Benefit failed to meet their fiduciary obligation to make full and accurate disclosure of the terms of the loan

3. That the Drakefords were harmed; and

4. That Marcel Bruetsch and Capital Benefit's conduct was a substantial factor in causing the Drakefords' harm.

Authority:

*Wyatt v. Union Mortgage Co*., 24 Cal. 3d 773, 782 (1979); *also* Order of MILs (Dkt. 64), B; Cal. Civ. Code § 2923.1.

*See* CACI 4101-4102, 4107.

**[Defendants Objections: The words "this is established as a matter of law" under the first point is unnecessary and argumentative; Point 2 does not explain what loan terms were not disclosed as everything was disclosed in the loan documents]**

CACI 4101. Failure to Use Reasonable Care—Essential Factual Elements

[PROPOSED BY PLAINTIFFS]

The Drakefords also claim that they were harmed by Marcel Bruetsch and Capital Benefit's breach of their fiduciary duty to use reasonable care. To establish this claim, the Drakefords must prove all of the following:

1. That Marcel Bruetsch and Capital Benefit were the Drakefords mortgage loan brokers (this is established as a matter of law);

2. That Marcel Bruetsch and Capital Benefit acted on the Drakefords behalf in setting up the loan (this is established as a matter of law);

3. That Marcel Bruetsch and Capital Benefit failed to act as a reasonably careful mortgage loan broker would have acted under the same or similar circumstances;

4. That the Drakefords were harmed; and

5. That Marcel Bruetsch and Capital Benefit's conduct was a substantial factor in causing the Drakefords' harm.

Additional authority:

Order of MILs (Dkt. 64), B; Cal. Civ. Code § 2923.1.

**[Defendants Objections: The words "this is established as a matter of law" under the first point is unnecessary and argumentative; the term "reasonable care" is not adequately defined or explained and does not provide any guidance on what reasonable care is and what reasonable care was allegedly not provided]**

CACI 4102. Duty of Undivided Loyalty—Essential Factual Elements

[PROPOSED BY PLAINTIFFS]

The Drakefords claim that they were harmed by Marcel Bruetsch and Capital Benefit's breach of the fiduciary duty of loyalty. To establish this claim, the Drakefords must prove all of the following:

1. That Marcel Bruetsch and Capital Benefit, Inc. were the Drakefords mortgage brokers (this is established as a matter of law);

2. That Marcel Bruetsch and Capital Benefit knowingly acted against the Drakefords' interests in connection with loan transaction;

3. That the Drakefords did not give informed consent to Marcel Bruetsch and Capital Benefit, Inc.'s conduct;

4. That the Drakefords were harmed; and

5. That Marcel Bruetsch and Capital Benefit, Inc.'s conduct was a substantial factor in causing the Drakefords harm.

**[Defendants Objections: The words "this is established as a matter of law" under the first point is unnecessary and argumentative; the instruction fails to explain how Marcel Bruetsch and Capital Benefit acted against the Drakefords interests, thus it is too ambiguous]**

89

Plaintiffs' Special Instruction No. 24--Fiduciary Duty to the Lenders
Irrelevant

[PROPOSED BY PLAINTIFFS]

Defendants Marcel Bruetsch and Capital Benefit also owed fiduciary duties
to the lender defendants in this case, Robert and Waltraud Williams and
Richard Westin.

However, this fact is irrelevant to the Drakefords' claims in this case.

The fact that Mr. Bruetsch and Capital Benefit owed fiduciary duties to the
lenders does not reduce the fiduciary duties they owed to the Drakefords in
any way.

Authority:

CACI 4100, 4101-4102; *Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 782
(1979)

**[Defendants' Objections:  The "is irrelevant" in the title and, "However,
this fact is irrelevant to the Drakefords' claims in this case" is
unnecessary and not supported by *Wyatt*. The fact that Marcel Bruetsch
owed a fiduciary duty to the lenders is relevant because by owing the
same fiduciary duty, he had the duty to disclose accurate information to
them as well, including the fact that the Drakefords represented that it
was in fact a business purpose loan]**

CACI 4107. Duty of Disclosure by Real Estate Broker to Client

[PROPOSED BY DEFENDANTS AND COUNTERCLAIMANTS]

As a fiduciary, a real estate broker must disclose to the broker's client all material information that the broker knows or could reasonably obtain regarding the property or relating to the transaction.

The facts that a broker must learn, and the advice and counsel required of the broker, depend on the facts of the transaction, the knowledge and experience of the client, the questions asked by the client, the nature of the property, and the terms of sale. Brokers must place themselves in the position of their clients and consider the type of information required for the client to make a well-informed decision.

**PLAINTIFFS' OBJECTION:**

**This instruction should say "mortgage" broker (meaning Bruetsch and Capital) not "real estate" broker (referring to Mrs. Drakeford). It is established that Bruetsch owed a fiduciary duty to Plaintiffs and that Mrs. Drakeford did not owe a fiduciary duty to anyone in this case. *See* Order on Plaintiffs' MIL Nos. B-C (Dkt. 64).**

CACI 4111. Constructive Fraud (Civ. Code § 1573)

[PROPOSED BY PLAINTIFFS]

The Drakefords claim that they were harmed because Marcel Bruetsch and Capital Benefit misled them by failing to provide them with complete and accurate information. To establish this claim, the Drakefords must prove all of the following:

1. That Marcel Bruetsch and Capital Benefit were the Drakefords mortgage loan brokers (this is established as a matter of law);

2. That Marcel Bruetsch and Capital Benefit acted on the Drakfords' behalf for purposes of obtaining a mortgage loan for the Drakefords (this is established as a matter of law);

3. That Marcel Bruetsch and Capital Benefit, Inc. knew, or should have known,

   (a) that the Drakefords were not seeking the mortgage loan primarily for business purposes;

   or

   (b) that the Drakefords were unaware, and would not expect, that the mortgage loan contained a Default Interest provision;

4. That Marcel Bruetsch and Capital Benefit misled the Drakefords by failing to disclose this information;

5. That the Drakefords were harmed; and

6. That Marcel Bruetsch and Capital Benefit's conduct was a substantial factor in causing the Drakefords' harm.

**[Defendants Objections: The Drakefords do not have a constructive fraud cause of action. Also the words "this is established as a matter of law" under the first point is unnecessary and argumentative.]**

9TH Cir. 5.1 DAMAGES—PROOF

[PROPOSED BY PLAINTIFFS]

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on any of their claims, as described further in these instructions, you must determine the plaintiffs' damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the measures and types of damages described in the next instructions.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**[Objection – this needs to be reciprocal and must discuss the Defendants counterclaims and defendants]**

9th Cir. 5.2 MEASURES OF TYPES OF DAMAGES

[PROPOSED BY PLAINTIFFS]

In determining the measure of damages, you should consider:

The nature and extent of the harm;

The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future; and

The economic harm suffered by plaintiffs.

**[Objection – this needs to be reciprocal and must discuss the Defendants counterclaims and defendants; the last sentence should just read "the economic harm." And each sentence should read "if any" at the end."**

9th Cir. 5.6 NOMINAL DAMAGES

[PROPOSED BY PLAINTIFFS]


The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiffs but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.


**[Objection – this has been provided multiple times and also needs to be reciprocal for Defendants as to their counterclaims and damages]**

CACI 3901. Introduction to Tort Damages—Liability Established

[PROPOSED BY DEFENDANTS]

If you decide that [name of plaintiff] was harmed and that [name of defendant]'s [*insert description of cause of action, e.g., "negligence"*] was a substantial factor in causing the harm, you also must decide how much money will reasonably compensate [name of plaintiff] for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by [name of defendant]'s wrongful conduct, even if the particular harm could not have been anticipated.

[Name of plaintiff] does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

[The following are the specific items of damages claimed by [name of plaintiff]:]

[*Insert applicable instructions on items of damage.*]

**PLAINTIFFS' OBJECTION:**

**First**, the counterclaims are expressly contingent on a prior determination that the loan "falls under TILA, RESPA, and the RFDCPA." Dkt. No. 22, p. 24, ¶ 47; p. 25, ¶ 51. It is unclear how that should work.

**Second**, this instruction is defective because it assumes liability. It makes no sense in this location in the reading of the instructions.

**Third,** this instruction is defective because it does not specify which defendants purportedly suffered what harms caused by what factors.

**Fourth,** Defendants may not recover general or noneconomic damages from Plaintiffs for any alleged tort in this case. *Alliance Mortgage Co. v. Rothwell,* 10 Cal. 4th 1226, 1240 (1995); Civ. Code § 3343.

96

CACI 3902. Economic and Noneconomic Damages

[PROPOSED BY PLAINTIFFS]

The damages claimed by the Drakefords for the harm caused by the defendants fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

**[Objection - This needs to be reciprocal to avoid multiple instructions on the same topic; and the words "harm caused by the defendants" is argumentative and presumes liability that has not been decided; also objection to the verdict form to the extent it has not yet been determined by the Court]**

CACI 3903. Items of Economic Damage

[PROPOSED BY PLAINTIFFS]

The items of economic damages claimed by the Drakefords are the fees that they paid to Capital Benefit and Marcel Bruetsch when they obtained the loan and the interest that they paid to the lenders on the loan.

**[Objection to the extent the fees cannot be considered economic damages, and the contractually required interest non-default interest are not damages as a matter of law; also the Drakefords did not pay any default interest, so this cannot be considered a damage. This also needs to be made reciprocal to avoid the need for duplicative instructions on the same subject. Further object to the extent these are not tied to any particular cause of action.]**

CACI 3905. Items of Noneconomic Damage

[PROPOSED BY PLAINTIFFS]

The items of noneconomic damages claimed by the Drakefords are:

(Cont.)

CACI 3905A. Physical Pain, Mental Suffering, and Emotional Distress
(Noneconomic Damage)
[PROPOSED BY PLAINTIFFS]


1.      Past and future mental suffering;

2.      Inconvenience;

3.      Grief;

4.      Anxiety;

5.      Humiliation; and

6.      Emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering and emotional distress, the Drakefords must prove that they are reasonably certain to suffer that harm.

For future mental suffering and emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate the Drakefords for future mental suffering and emotional distress. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

**[Objection - This also needs to be made reciprocal to avoid the need for duplicative instructions on the same subject. Further object to the extent these are not tied to any particular cause of action.]**

Plaintiffs' Special Instruction No. 25—Statutory Damages

[PROPOSED BY PLAINTIFFS]

Additionally, as mentioned earlier, the Drakefords may recover statutory damages for violations of the Truth in Lending Act ("TILA"), the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") and/or the Real Estate Settlement Procedures Act ("RESPA") as follows:

If you find that TILA was violated, whether or not you award actual damages, you must award statutory damages not less than $400 or greater than $4,000.

For the Rosenthal Act violation, you may award statutory damages up to $1000.

For the RESPA violation, you may award statutory damages up to $2000 if you determine that Mr. Bruestch and/or Capital Benefit engaged in a pattern or practice of violating RESPA

Authority:

TILA: 15 U.S. Code § 1640(a)

Rosenthal Act: Cal. Civ. Code § 1788.17; 15 U.S. Code § 1692k(a)(1)&(a)(2)(A); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060 (2011).

RESPA: 12 U.S.C § 2605(f); 12 C.F.R.§ 1024.41(f).

**[Objection – first paragraph is repetitive and argumentative; for the third and fourth, it must state "if you find [TILA/ROSENTHAL] were violated"]**

CACI 3934. Damages on Multiple Legal Theories

[PROPOSED BY PLAINTIFFS]

The Drakefords seek damages under more than one legal theory. However, other than the statutory damages I just explained, each item of economic damages or non-economic may be awarded only once, regardless of the number of legal theories alleged.

**[Objection – this needs to be made reciprocal for Defendants' counterclaims and damages; revised to state "if liability is found," because presently it presumes damages were already awarded]**

## CACI 3940. Punitive Damages—Individual Defendant—Trial Not Bifurcated

### [PROPOSED BY DEFENDANTS]

If you decide that the Drakefords' conduct caused Capital and the Lenders harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Capital and the Lenders prove by clear and convincing evidence that the Drakefords engaged in that conduct with malice, oppression, or fraud.

"Malice" means that the Drakefords acted with intent to cause injury or that the Drakefords' conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that the Drakefords' conduct was despicable and subjected Capital and the Lenders to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that the Drakefords intentionally misrepresented or concealed a material fact and did so intending to harm Capital and the Lenders.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was the Drakefords' conduct? In deciding how reprehensible the Drakefords' conduct was, you may consider, among other factors:

1.        Whether the conduct caused physical harm;

2.        Whether the Drakefords disregarded the health or safety of others;

3.        Whether Capital and the Lenders were financially weak or vulnerable and the Drakefords knew Capital and the Lenders were financially weak or vulnerable and took advantage of them;

4.        Whether the Drakefords' conduct involved a pattern or practice; and

5.   Whether the Drakefords acted with trickery or deceit.

(b)   Is there a reasonable relationship between the amount of punitive damages and Capital and the Lenders' harm or between the amount of punitive damages and potential harm to Capital and the Lenders that the Drakefords knew was likely to occur because of their conduct?

(c)   In view of the Drakefords' financial condition, what amount is necessary to punish them and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because the Drakefords have substantial financial resources.


**PLAINTIFFS' OBJECTION:**

**First, this unbifurcated damages instruction (regarding Defendants' claim for punitive damages against Plaintiffs) makes no sense at this point in the reading of the claims. Defendants need to set up their claims and establish liability first.**

**Second, to the extent that Defendants have punitive damage claims against the Plaintiffs, they are bifurcated pursuant to Civil Code § 3295(d). Plaintiffs understood that this was already agreed.**

CACI 3941. Punitive Damages—Individual Defendant—Bifurcated Trial
(First Phase)

[PROPOSED BY PLAINTIFFS]

If you decide that Marcel Bruetsch or Capital Benefit's conduct caused the Drakefords' harm, you must decide whether that conduct justifies an award of punitive damages.

At this time, you must decide whether the Drakefords proved by clear and convincing evidence that Marcel Bruetsch engaged in that conduct with malice, oppression, or fraud. The amount of punitive damages, if any, will be decided later.

"Malice" means that Marcel Bruetsch acted with intent to cause injury or that Marcel Bruetsch's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Marcel Bruetsch's conduct was despicable and subjected the Drakefords to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Marcel Bruetsch intentionally misrepresented or concealed a material fact and did so intending to harm the Drakefords.

**[Objection – this instruction is inaccurate because the only cause of action to potentially support punitive damages is breach of fiduciary duty, and this also needs to be made reciprocal to avoid duplicative instructions; the references to defined terms, including those referring to Mr. Bruetsch individually, need to be removed, or the names "Reginald Drakeford" and "Rhonda Drakeford" need to be added before Mr. Bruetsch's name]**

CACI 3942. Punitive Damages—Individual Defendant—Bifurcated Trial (Second Phase)

[PROPOSED BY PLAINTIFFS]

You must now decide the amount, if any, that you should award the Drakefords in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a)   How reprehensible was Marcel Bruetsch's conduct? In deciding how reprehensible Marcel Bruetsch's conduct was, you may consider, among other factors:

> 1.   Whether the conduct caused physical harm;

2.   Whether Marcel Bruetsch disregarded the health or safety of others;

3.   Whether the Drakefords were financially weak or vulnerable and Marcel Bruetsch knew the Drakefords were financially weak or vulnerable and took advantage of them;

4.   Whether Marcel Bruetsch's conduct involved a pattern or practice; and

> 5.   Whether Marcel Bruetsch acted with trickery or deceit.

(b)   Is there a reasonable relationship between the amount of punitive damages and Marcel Bruetsch's harm to the Drakefords that Marcel Bruetsch knew was likely to occur because of his conduct?

(c)   In view of Marcel Bruetsch's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Marcel Bruetsch has substantial financial resources. You may not increase the punitive award above an amount that is otherwise appropriate merely because Marcel Bruetsch has substantial financial

106

resources. Any award you impose may not exceed Marcel Bruetsch's ability to pay.

Punitive damages may not be used to punish Marcel Bruetsch for the impact of his alleged misconduct on persons other than the Drakefords.

**[Objection – this instruction is inaccurate because the only cause of action to potentially support punitive damages is breach of fiduciary duty, and this also needs to be made reciprocal to avoid duplicative instructions; the references to defined terms, including those referring to Mr. Bruetsch individually, need to be removed, or the names "Reginald Drakeford" and "Rhonda Drakeford" need to be added before Mr. Bruetsch's name]**

Plaintiffs' Special Instruction No. 26—Legal Relationship Not Disputed
(Bruetsch-Lenders)

[PROPOSED BY PLAINTIFFS]

In this case Marcel Bruetsch and Capital Benefit, Inc. were the agents of the lender defendants and were acting in the course and scope of that agency relationship when Marcel Bruetsch arranged and administered the loan.

The actions of Marcel Bruetsch are deemed to be the actions of Capital Benefit and the lender defendants whether they participated in those actions or not.

You should not consider any division of responsibility between Marcel Bruetsch, on the one hand, and the lender defendants, on the other hand. They will work that out themselves.

Authority:

*See* Joint Pretrial Conference Statement, B(i)5-6, 9, 11-12

Order on MILs (Dkt. 64), re Defendants' MIL No. 2 ("Evidence or argument regarding Breutsch's control over the litigation and/or the other defendants is not necessary"); see also CACI 3703

**[Objection – the final paragraph is argumentative, unnecessary, and contrary to the instruction that each claim must be resolved as to each party individually]**

Plaintiffs' Special Instruction No. 27-- Drakefords Did Not Fiduciary Duty
or Duty of Care

[PROPOSED BY PLAINTIFFS]


The Drakefords did not owe any of the defendants any fiduciary duty or duty
of care.


Authority:

Order on MILs (Dkt. 64), re Plaintiffs' MIL No. C.


**[Defendants' Objections:  This is not a correct statement of the law or
the Court's ruling, which only limited the Drakefords' <u>fiduciary duty</u>,
but not duty of care; the Drakefords had a duty to not make fraudulent
or negligent representations in their loan application]**

Plaintiffs' Special Instruction No. 28-- Mayer Was Not The Drakefords'
Agent

[PROPOSED BY PLAINTIFFS]


Fred Mayer was not the Drakefords' agent or representative. The Drakefords
have no responsibility for anything that he may have misstated to the Marcel
Bruetsch.


Authority:

Order on MILs (Dkt. 64), re Plaintiffs' MIL No. A, D; *also* Order re
Summary Judgment, 2/10/2021, Dkt. 52 ("Defendants argued that Mayer
should be considered the agent of the Drakefords but none of the facts
adduced by defendants or plaintiffs support an agency theory under
California law.").


**[Defendants' Objections:  This is not supported by California law or the
Order, which Order held, "The only issued presented that can be
resolved at this juncture, given the uncontradicted deposition testimony
of Mayer and Bruetsch and authority cited by plaintiffs, is that
defendants Bruetsch and Capital Benefit were fiduciaries to the
Drakefords in the loan transaction."]**

Plaintiffs' Special Instruction No. 29--Bruetsch Could Not Rely On
Unlicensed Person

[PROPOSED BY PLAINTIFFS]

It is unlawful and a misdemeanor for an unlicensed person to perform any
act within the scope of California's law regulating the conduct of mortgage
loan brokers and requiring them to be licensed.

Marcel Bruetsch knew that Fred Mayer was not licensed to act as a mortgage
loan broker.

Accordingly, Marcel Bruetsch could not rely on Fred Mayer to determine
the purposes of the loan that the Drakefords were seeking. Mr. Bruetsch was
required to determine the purpose of the loan himself.

Authority:

Cal. Bus. & Prof. Code §§ 10137-10138; *Tyrone v. Kelley*, 9 Cal.3d 1, 8
(1973); *see also* Order on MILs (Dkt. 64), re Plaintiffs' MIL No. F ("Doss
may describe the factors that make someone a finder, but he may not testify
that Mayer was acting as a finder in this case.")

**[Defendants' Objections: The authorities Plaintiffs cite do not stand for
the proposition that Marcel Bruetsch could not rely upon information
Mr. Mayer relayed to him from Ms. Drakeford; Defendants may offer
evidence of statements of Mr. Mayer as well as his actions and
interactions with the Drakefords that suggest he had authority to act on
their behalf. There is also no evidence that Mr. Mayer did anything that
required a license.]**

Plaintiffs' Special Instruction No. 30--If Finder's Exception Does Not Apply

[PROPOSED BY PLAINTIFFS]

It is unlawful, a misdemeanor, and grounds for license revocation for a mortgage broker, like Marcel Bruetsch, to pay an unlicensed person, like Fred Mayer, for performing any act within the scope of California's real estate law.

A "finder's exception" may apply where the unlicensed person does nothing but make the introduction of the potential borrower to the mortgage broker.

In order for the "finder's" exception to apply, the unlicensed person must not have affirmatively solicited the borrowers or otherwise performed any act requiring a mortgage broker's license.

If you find that the finder's exception does not apply, then you may conclude that Mr. Bruetsch violated California law by paying Mr. Mayer a fee for his services related to procuring the Drakefords as borrowers.


Authority:

Order on MILs (Dkt. 64), re Plaintiffs' MIL No. F ("Doss may describe the factors that make someone a finder, but he may not testify that Mayer was acting as a finder in this case."); Cal. Bus. & Prof. Code §§ 10137-10138; *Tyrone v. Kelley*, 9 Cal.3d 1, 8 (1973).


**[Defendants' Objections: The Court's ruling on Plaintiff's MIL does not stand for this proposition; this is also irrelevant to the ultimate questions of fact; this also misstates the facts that occurred here]**

9th Cir. 3.1 Duty to Deliberate
[PROPOSED BY PLAINTIFFS]


Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9th Cir. 3.2 Consideration of Evidence—Conduct of the Jury
[PROPOSED BY PLAINTIFFS]


Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested

through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

9th Cir. 3.3 Communication With Court
[PROPOSED BY PLAINTIFFS]


　　　　If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**[DEFENDANTS' OBJECTION:  There is language in here which is not in the applicable instruction. The word "numerically" and "Do not disclose any vote count in any note to the court" is not in the instruction. "Numerically should be replaced with, "whether in terms of vote count" and the other statement should be deleted.**

9th Cir. 3.5 Return of Verdict
[PROPOSED BY PLAINTIFFS]


A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**[Objection – should include the following language or a separate instruction: If one or more jurors does not agree with the other jurors, then the verdict form cannot be signed, and you should advise the clerk that you cannot unanimously agree.]**

CACI 5003 Witnesses

[PROPOSED BY PLAINTIFFS]

A witness is a person who has knowledge related to this case. You will have to decide whether you believe each witness and how important each witness's testimony is to the case. You may believe all, part, or none of a witness's testimony.

In deciding whether to believe a witness's testimony, you may consider, among other factors, the following:

(a) How well did the witness see, hear, or otherwise sense what the

witness described in court?

(b) How well did the witness remember and describe what happened?

(c) How did the witness look, act, and speak while testifying?

(d) Did the witness have any reason to say something that was not true? For example, did the witness show any bias or prejudice or have a personal relationship with any of the parties involved in the case or have a personal stake in how this case is decided?

(e) What was the witness's attitude toward this case or about giving testimony?

Sometimes a witness may say something that is not consistent with something else the witness said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness did not tell the truth about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness did not tell the truth about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Do not make any decision simply because there were more witnesses on one side than on the other. If you believe it is true, the testimony of a single witness is enough to prove a fact.

You must not be biased in favor of or against any witness because of the witness's disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, socioeconomic status, or the like.

CACI 5011. Reading Back of Trial Testimony in Jury Room

[PROPOSED BY PLAINTIFFS]

You may request in writing that trial testimony be read to you. I will have the court reporter read the testimony to you. You may request that all or a part of a witness's testimony be read.

Your request should be as specific as possible. It will be helpful if you can state:

1. The name of the witness;

2. The subject of the testimony you would like to have read; and

3. The name of the attorney or attorneys asking the questions when the testimony was given.

The court reporter is not permitted to talk with you when she or he is reading the testimony you have requested.

While the court reporter is reading the testimony, you may not deliberate or discuss the case.

You may not ask the court reporter to read testimony that was not specifically mentioned in a written request. If your notes differ from the testimony, you must accept the court reporter's record as accurate.

CACI 1900. Intentional Misrepresentation

[PROPOSED BY DEFENDANTS AND COUNTERCLAIMANTS]

Capital and the Lenders claim that the Drakefords made a false representation that harmed them. To establish this claim, Capital and the Lenders must prove all of the following:

1.  That the Drakefords represented to Capital and the Lenders that a fact was true;

2.  That the Drakefords' representation was false;

3.  That the Drakefords knew that the representation was false when they made it, or that they made the representation recklessly and without regard for its truth;

4.  That the Drakefords intended that Capital and the Lenders rely on the representation;

5.  That Capital and the Lenders reasonably relied on the Drakefords' representation;

6.  That Capital and the Lenders were harmed; and

7.  That Capital and the Lenders' reliance on the Drakefords' representation was a substantial factor in causing their harm.

**PLAINTIFFS' OBJECTION:**

**<u>First</u>, there is no evidence of any representation by the Drakefords to the Lender Defendants. The allegations are that Mrs. Drakeford told Mr. Mayer and Mr. Bruetsch that the loan was for business purposes.** ***The documents that the lenders saw when deciding to make their investments had not yet been executed by the Drakefords, and Mr. Bruetsch had not yet spoken to Mrs. Drakeford at that time (according to his version of events).*** **This instruction should not be given on behalf of the Lender Defendants absent evidence of a cognizable representation by the Drakefords to them.**

121

**Second,** the counterclaims are expressly contingent on a prior determination that the loan "falls under TILA, RESPA, and the RFDCPA." Dkt. No. 22, p. 24, ¶ 47; p. 25, ¶ 51. It is unclear how that should work.

**Third,** the Court should consider the propriety of these counterclaims in the first instance because the issue of Plaintiffs' stated purposes for the loan is already subsumed within the question of whether the loan was for business purposes versus consumer purposes. *See, e.g.,* Defendants' Special Instruction No. 6 and Plaintiffs' Special Instruction No. 7 ("When a sophisticated borrower takes deliberate and calculated steps to mislead a lender into believing that a loan is being obtained for business purposes, the borrower is not entitled to later invoke the protections of the TILA.")

It would be inconsistent for the jury to decide that the loan was for consumer purposes under the relevant TILA standard but that the Plaintiffs misrepresented that it was for business purposes. There is no precedent for addressing the "stated purpose" defense to TILA in this manner. The better analysis would be that if the jury determines that TILA applies, any inconsistent state law claim is preempted.

CACI 1901.  Concealment

[PROPOSED BY DEFENDANTS AND COUNTERCLAIMANTS]

Capital and the Lenders claim that they were harmed because the Drakefords concealed certain information. To establish this claim, Capital and the Lenders must prove all of the following:

[1.  a) That the Drakefords and Capital and the Lenders were determining whether to enter into a loan transaction; and

(b) That the Drakefords intentionally failed to disclose certain facts to Capital and the Lenders;

2.  That Capital and the Lenders did not know of the concealed fact[s];

3.  That the Drakefords intended to deceive Capital and the Lenders by concealing the fact[s];

4.  That had the omitted information been disclosed, Capital and the Lenders reasonably would have behaved differently;

5.  That Capital and the Plaintiffs were harmed; and

6.  That the Drakefords' concealment was a substantial factor in causing Capital and the Lenders harm.

**PLAINTIFFS' OBJECTION:**

**First, there is no evidence of any concealment by the Drakefords to the Lender Defendants. The allegations are that Mrs. Drakeford told Mr. Mayer and Mr. Bruetsch that the loan was for business purposes.** *The documents that the lenders saw when deciding to make their investments had not yet been executed by the Drakefords, and Mr. Bruetsch had not yet spoken to Mrs. Drakeford at that time (according to his version of events).* **This instruction should not be given on behalf of the Lender Defendants absent evidence of a cognizable representation by the Drakefords to them.**

**Second, the counterclaims are expressly contingent on a prior determination that the loan "falls under TILA, RESPA, and the**

RFDCPA." Dkt. No. 22, p. 24, ¶ 47; p. 25, ¶ 51. It is unclear how that should work.

**Third**, the Court should consider the propriety of these counterclaims in the first instance because the issue of Plaintiffs' stated purposes for the loan is already subsumed within the question of whether the loan was for business purposes versus consumer purposes. *See, e.g.,* Defendants' Special Instruction No. 6 and Plaintiffs' Special Instruction No. 7 ("When a sophisticated borrower takes deliberate and calculated steps to mislead a lender into believing that a loan is being obtained for business purposes, the borrower is not entitled to later invoke the protections of the TILA.")

It would be inconsistent for the jury to decide that the loan was for consumer purposes under the relevant TILA standard but that the Plaintiffs misrepresented it to for business purposes. There is no precedent for addressing the "stated purpose" defense to TILA in this manner. The better analysis would be that if the jury determines that TILA applies, any inconsistent state law claim is preempted.

CACI 1903. Negligent Misrepresentation

[PROPOSED BY DEFENDANTS AND COUNTERCLAIMANTS]

Capital and the Lenders claim they were harmed because the Drakefords negligently misrepresented a fact. To establish this claim, Capital and the Lenders must prove all of the following:

1. That the Drakefords represented to Capital and the Lenders that a fact was true;

2. That the Drakefords' representation was not true;

3. That although the Drakefords may have honestly believed that the representation was true, the Drakefords had no reasonable grounds for believing the representation was true when they made it;

4. That the Drakefords intended that Capital and the Lenders rely on this representation;

5. That Capital and the Lenders reasonably relied on the Drakefords' representation;

6. That Capital and the Lenders were harmed; and

7. That Capital and the Lenders' reliance on the Drakefords' representation was a substantial factor in causing their harm.


**PLAINTIFFS' OBJECTION:**

**<u>First</u>, there is no evidence of any representation by the Drakefords to the Lender Defendants. The allegations are that Mrs. Drakeford told Mr. Mayer and Mr. Bruetsch that the loan was for business purposes.** *The documents that the lenders saw when deciding to make their investments had not yet been executed by the Drakefords, and Mr. Bruetsch had not yet spoken to Mrs. Drakeford at that time (according to his version of events).* **This instruction should not be given on behalf of the Lender Defendants absent evidence of a cognizable representation by the Drakefords to them.**

**Second,** the counterclaims are expressly contingent on a prior determination that the loan "falls under TILA, RESPA, and the RFDCPA." Dkt. No. 22, p. 24, ¶ 47; p. 25, ¶ 51. It is unclear how that would work.

**Third,** the Court should consider the propriety of these counterclaims in the first instance because the issue of Plaintiffs' stated purposes for the loan is already subsumed within the question of whether the loan was for business purposes versus consumer purposes. *See, e.g.,* Defendants' Special Instruction No. 6 and Plaintiffs' Special Instruction No. 7 ("When a sophisticated borrower takes deliberate and calculated steps to mislead a lender into believing that a loan is being obtained for business purposes, the borrower is not entitled to later invoke the protections of the TILA.")

It would be inconsistent for the jury to decide that the loan was for consumer purposes under the relevant TILA standard but that the Plaintiffs misrepresented it to for business purposes. There is no precedent for addressing the "stated purpose" defense to TILA in this manner. The better analysis would be that if the jury determines that TILA applies, any inconsistent state law claim is preempted.

CACI 1904. Opinions as Statements of Fact

[PROPOSED BY DEFENDANTS AND COUNTERCLAIMANTS]

Ordinarily, an opinion is not considered a representation of fact. An opinion is a person's belief that a fact exists, a statement regarding a future event, or a judgment about quality, value, authenticity, or similar matters. However, the Drakefords' opinion is considered a representation of fact if Capital and the Lenders prove that:

 The Drakefords made a representation, not as a casual expression of belief, but in a way that declared the matter to be true.

**PLAINTIFFS' OBJECTION:**

**There is no evidence to support this instruction.**

CACI 1906. Misrepresentations Made to Persons Other Than the Plaintiff

[PROPOSED BY DEFENDANTS AND COUNTERCLAIMANTS]

The Drakefords are responsible for a representation that was not made directly to Capital and the Lenders if they made the representation to Fred Mayer expecting that it would be repeated to Capital and the Lenders.

**PLAINTIFFS OBJECTION:**

**There is no evidence to support this instruction.  _See_ Order on MIL Nos. A, D (Dkt. 64).  Bruetsch's testimony about what Mayer told him is hearsay. The lenders never communicated with Mayer directly.  Mayer was not the Drakefords' agent responsible for communicating to Bruetsch, Capital, or the Lender Defendants. Rather, Defendants' claim is that Mrs. Drakeford _directly_ told Bruetsch that the loan was for business purposes.**

CACI 1907. Reliance

[PROPOSED BY DEFENDANTS AND COUNTERCLAIMANTS]

Capital and the Lenders relied on the Drakefords' misrepresentation and concealment if:

1.  The misrepresentation or concealments substantially influenced them to make the loan;

2.  Capital and the Lenders would probably not have made the loan without the misrepresentation or concealment.

    It is not necessary for a misrepresentation or concealment to be the only reason for Capital's and the Lenders' conduct.

**PLAINTIFFS' OBJECTION:**

*See* **Plaintiffs' Objections to CACI Nos. 1900-1903 above.**

CACI 1908.  Reasonable Reliance

[PROPOSED BY DEFENDANTS AND COUNTERCLAIMANTS]

In determining whether Capital's and the Lenders' reliance on the misrepresentation or concealment was reasonable, they must first prove that the matter was material.  A matter is material if a reasonable person would find it important in deciding what to do.

If you decide that the matter is material, you must then decide whether it was reasonable for Capital and the Lenders to rely on the misrepresentation or concealment. In making this decision, take into consideration Capital's and the Lenders' intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a misrepresentation or concealment that is preposterous. It also is not reasonable for anyone to rely on a misrepresentation or concealment if facts that are within their observation show that it is obviously false.


**PLAINTIFFS' OBJECTION:**

*See* **Plaintiffs' Objections to CACI Nos. 1900-1903 above.**

Defendants' Special Jury Instruction No. 15
It Is A Crime To Make False Representations In A Loan Application


It is a federal crime to make false statements in a loan application.




Authority:  18 U.S.C. Section 1001


**PLAINTIFFS' OBJECTION:**

**The proposed instruction is argumentative and irrelevant because this is not a criminal case.  In addition, 18 U.S.C. § 1001(a) and (a)(2) require that the false statement be material and knowingly and willfully made.**

Defendants' Special Jury Instruction No. 16
Misrepresentation to a Creditor

A statement can be a material misrepresentation if it includes information that is substantially inaccurate and is of the type that would affect a creditor's decision-making process.

Authority:  *Candland v. Insurance Co. of N. Am. (In re Candland)* 90 F.3d. 1466, 1470 (9th Cir. 1996)]

**PLAINTIFFS' OBJECTION:**

***In re Candland*** **refers to the standards applicable to bankruptcy nondischargeability under 11 USCS § 523 (a)(2)(B).** ***See In re Candland*** **at 1470. There is no reason to introduce such an instruction in this context. CACI adequately instructs regarding what is material misrepresentation (the substantial factor test).**

Defendants' Special Jury Instruction No. 17
Material Misrepresentation to a Creditor

To be material, a statement need only have the propensity or capacity to influence oraffect a lender's decision.

Authorities:  *United States v. Rodriguez-Rodriguez,* 840 F.2d 697, 700 (9th Cir. 1988)

**PLAINTIFFS' OBJECTION:**

**This instruction refers to a federal criminal law standard that is of no relevance to the issues presented here. *United States v. Rodriguez-Rodriguez,* 840 F.2d 697, 700 (9th Cir. 1988) ("Gerardo Rodriguez argues that we should reverse his conviction under 18 U.S.C. § 1001 on grounds that he did not misstate a material fact at the San Clemente checkpoint. To be material a statement need only have the propensity or capacity to influence or affect an agency's decision. … The agency need not rely on the information in fact for it to be material.")**

**There is no reason to introduce such an instruction in this context.  CACI adequately instructs regarding what is material misrepresentation (the substantial factor test).**

Defendants' Special Jury Instruction No. 18
Fraudulent Intent May Be Inferred

Fraudulent intent may be established by inference from the circumstances and the acts of the parties.

Authorities:  *Miller v. National American Life Ins. Co.* (1976) 54 Cal.App.3d 331, 338

## PLAINTIFFS' OBJECTION:

**First, this instruction is improper because the modern CACI instructions do not refer to a "fraudulent intent" element. CACI Nos. 1900-1902.  For this instruction to be proper, the Court would need to add a scienter element to those CACI instructions.**

**Second, the proposed instruction relates to a claim for False Promise—a claim that Defendants do not have here. *See Miller v. National American Life Ins. Co.,* 54 Cal.App.3d 331, 338 (1976).**

**Third, the proposed instruction constitutes an overbroad interpretation of *Miller*, which merely holds, as relevant here, that "subsequent conduct of [a borrower] may support an inference of prior intent not to fulfill its representations." *Id.* at 338-339.**

Defendants' Special Jury Instruction No. 19
Reliance May Be Inferred


Reliance is established where the representation substantially influenced the counterclaimant's choice, even though other influences operated as well.

It is not necessary to show reliance upon false representations by direct evidence asreliance may be inferred from the circumstances.


Authorities:  *Hunter v. McKenzie* (1925) 197 Cal. 176, 185; see also *Vasquez v. Superior Court* (1971) 4 Cal.3d 800, 814; Rest.2d Torts, § 546


**PLAINTIFFS' OBJECTION:**


**There is no basis for this special instruction. The element of reliance is adequately covered by CACI Nos. 1907-1908.**

Defendants' Special Jury Instruction No. 20
Reliance Established

Reliance can be proved in a fraudulent omission case by establishing that "had the omitted information been disclosed, [the Defendants and Counterclaimants] would have been aware of it and behaved differently."

Authority:  *Mirkin v. Wasserman* (1993) 5 Cal.4th 1082, 1093

**PLAINTIFFS' OBJECTION:**

**First, this is not an "omissions" case.  It is the lender's duty to affirmatively determine if a loan is covered by TILA or not in each case.  *See* Plaintiffs' Special Instruction No. 5. The question presented to the jury is whether Plaintiffs affirmatively misrepresented the purposes of the loan.**

**Second, the element of reliance is adequately covered by CACI Nos. 1907-1908. There is no basis for this special instruction.**

Defendants' Special Jury Instruction No. 21
Reliance Can Be Established Through An Agent

Reliance may be established through the representations of an agent, because reliance may be indirect.

Authorities:  *Thrifty-Tel v. Bezenek* (1996) 46 Cal.App.4th 1559

**PLAINTIFFS' OBJECTION:**

**First**, this instruction is vague and confusing. It is unclear what agency relationship it is talking about or who purportedly relied on who.

**Second**, the Court has already determined that Fred Mayer was not the Plaintiffs' agent. *See* Order of MILs (Dkt. 64), A, D ("Defendants may not refer to Mayer as the Drakefords' agent in opening, but defendants may bring out the facts concerning his role in the transaction. What Mrs. Drakeford told Mayer regarding the purpose of the loan is admissible as an admission. Mayer may also testify about how he came into contact with the Drakefords and that he discussed the loan with Breutsch (but not what he said to him about it). Breutsch's testimony about what Mayer told him is hearsay but will be admitted to explain Breutsch's subsequent conduct and not for the truth of the matter asserted.") *See* Order on MSJ (Dkt. 52) ("Defendants argued that Mayer should be considered the agent of the Drakefords but none of the facts adduced by defendants or plaintiffs support an agency theory under California law."

**Third**, the element of reliance is adequately covered by CACI Nos. 1907-1908. There is no basis for this special instruction.

**Fourth**, to the extent that the Lender Defendants are claiming that they relied on Marcel Bruetsch's representations regarding what he says Mrs. Drakeford said about the purposes of the loan, there is no evidence to support this instruction. *The lenders made their investment decisions before Mr. Bruetsch claims to have spoken to Mrs. Drakeford.*

Defendants' Special Jury Instruction No. 22
Negligent Misrepresentation May Be Established Through Statements Made to a
Third Person

A party may also be held liable for negligent misrepresentation where the statement is made to a third person with knowledge that he intends to communicate it to a specific individual plaintiff for the purpose of inducing him to act.

Authorities:  H*awkins v. Oakland Title Ins. & Guar. Co.* (1958) 165 Cal.App.2d 116, 128-129

**PLAINTIFFS' OBJECTION:**

**This instruction cannot apply here because there is no evidence of any statement made to any third person with the knowledge that said third person intended to communicate it to a "specific individual [person] for the purpose of inducing [that person] to act."** *Hawkins v. Oakland Title Ins. & Guaranty Co.*, **165 Cal. App. 2d 116, 128 (1958). The very point of Hawkins is that "most of the courts have drawn the line [there], holding that mere reasonable anticipation that the statement will be communicated to others, or even knowledge that the recipient intends to make a commercial use of it in dealing with unspecified strangers, is not sufficient to create a duty of care toward them."** *Id.* **at 128-129.**

Defendants' Special Jury Instruction No. 23
Intent is Not Required for a Valid Negligent Misrepresentation Claim

Neither scienter nor an intent to deceive is an essential element for a claim for negligentmisrepresentation.

Even where a defendant believes a false statement is true, but makes the statement without reasonable grounds for that belief, he or she may be liable for negligent misrepresentation.

Authorities: *Anderson v. Deloitte & Touche* (1997) 56 Cal.App.4th 1469, 1476; *Strebel v. BrenlarInvestments, Inc.* (2006) 135 Cal.App.4th 740, 752; *Gagne v. Bertran* (1954) 43 Cal.2d 481, 487.

**PLAINTIFFS' OBJECTION:**

**This instruction is improper because the modern CACI instructions do not use a scienter element. CACI Nos. 1900-1903. They use the substantial factor test. The elements of a negligent misrepresentation claim are adequately covered stated in the CACI instruction (CACI No. 1903). There is no need for this special instruction.**

Defendants' Special Jury Instruction No. 24
Negligent Misrepresentation Exists When Contrary Information Was inPossession

A person makes a negligent misrepresentation when that person has possession of information that disproves that person's representation.

Authority:  *Christiansen v. Roddy* (1986) 186 Cal.App.3d 780, 788

**PLAINTIFFS' OBJECTION:**

**There is no need for a special instruction because the relevant elements of a negligent misrepresentation are stated in the CACI instruction (CACI No. 1903).**

**The case that Defendants cite, *Christiansen v. Roddy*, 186 Cal.App.3d 780, 788 (1986), indicates that a misrepresentation may be negligent if its maker had possession of contrary information. In *Christiansen*, the defendant had an appraisal in his file that he failed to review. This has nothing to do with the case at hand.**

Defendants' Special Jury Instruction No. 25
Unclean Hands

The doctrine of unclean hands denies all relief to a party guilty of misconduct directlyrelated to the matter in which he seeks relief.

Authority:  *Kendall-Jackson Winery, Ltd. v. Sup. Ct.* (1999) 76 Cal.App.4[th] 970, 974.

## PLAINTIFFS' OBJECTION:

<u>First</u>, any valid Unclean Hands defense against Plaintiffs in this case is subsumed within the stated purpose element of the business purposes versus consumer purposes loan test. *See, e.g.,* Defendants' Special Instruction No. 6 and Plaintiffs' Special Instruction No. 7 ("When a sophisticated borrower takes deliberate and calculated steps to mislead…"). There is no evidence or law that supports a separate Unclean Hands defense, which has the potential to confuse the jury or result in an inconsistent verdict.

<u>Second</u>, to the extent that the Court wishes to give an Unclean Hands jury instruction, the above language is not legally correct. The Unclean Hands instruction must be specific and bilateral, as follows (or similar):

> The unclean hands doctrine demands that parties act fairly in the matter for which they seek relief in court. They must come into court with clean hands, and keep them clean, or they will be denied relief, regardless of the merits of their claims. *See Kendall-Jackson Winery, Ltd. v. Superior Court,* 76 Cal.App.4th 970, 978 (1999). Any unconscionable conduct which relates to the transaction may give rise to the defense of unclean hands and bar relief. *See Samuelson v. Ingraham,* 272 Cal. App. 2d 804, 806 (1969) The doctrine of unclean hands does not deny relief to a plaintiff (or counterclaimant) guilty of any past misconduct; only misconduct directly related to the matter in which the party seeks relief triggers the defense. *See Kendall-Jackson* at 974.

> The jury must decide whether (and against whom) the Unclean Hands doctrine may apply in this case.

Defendants' Special Jury Instruction No. 26
Doctrine of Estoppel


The doctrine of estoppel is that whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing is true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it.  The party needs not have intended to defraud the other party in order to be estopped.


Authorities: Cal. Evid. Code § 623; *Lantzy v. Centex Homes,* 31 Cal.4th 363, 384 (2003); *Vu v. PrudentialProperty & Cas. Ins. Co.,* 26 Cal.4th 1142, 1152-53 (2001)

**PLAINTIFFS' OBJECTION:**

**First, no jury instruction is required because "equitable estoppel is an equitable issue for court resolution." *Hoopes v. Dolan,* 168 Cal. App. 4th 146, 161 (2008)**

**Second, any valid Estoppel defense against Plaintiffs in this case is subsumed within the stated purpose element of the business purposes versus consumer purposes loan test. *See, e.g.,* Defendants' Special Instruction No. 6 and Plaintiffs' Special Instruction No. 7 ("When a sophisticated borrower takes deliberate and calculated steps to mislead…") *c.f.* Cal. Evid. Code § 623 ("Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it.")**

**Third, for TILA, an intent to defraud *is* generally necessary to establish estoppel against the Plaintiffs' TILA claim because it is the lender's responsibility to determine the purpose of the loan. *See In re Dawson*, 411 B.R. 1, 35-36 (Bankr. D.D.C. 2008); Defendants' Special Instruction No. 6; Plaintiffs' Special Instruction No. 7 ("When a sophisticated borrower takes deliberate and calculated steps to mislead…").**

Defendants' Special Jury Instruction No. 27
Estoppel by Silence or Inaction

A party may also be estopped where he or she failed to speak or act if, underconsiderations of fairness and justice, the party had an obligation to speak or act.

Authorities:  *Spray v. Associated Int'l. Ins. Co.,* 71 Cal.App.4th 1260, 1268-69 (1999); *Feduniak v. Cal. Coastal Comm'n*, 148 Cal.App. 4th 1346, 1362 (2007); *Elliano v. Assurance Co. of Am.*, 3 Cal.App.3d 446, 451 (1970)]

**PLAINTIFFS' OBJECTION:**

**<u>First</u>, no jury instruction is required because "equitable estoppel is an equitable issue for court resolution."** *Hoopes v. Dolan,* **168 Cal. App. 4th 146, 161 (2008)**

**<u>Second,</u> any valid Estoppel defense against Plaintiffs in this case is subsumed within the stated purpose element of the business purposes versus consumer purposes loan test.** *See, e.g.,* **Defendants' Special Instruction No. 6 and Plaintiffs' Special Instruction No. 7 ("When a sophisticated borrower takes deliberate and calculated steps to mislead…")** *c.f.* **Cal. Evid. Code § 623 ("Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it.")**

**<u>Third</u>, for TILA, an intent to defraud** *is* **generally necessary to establish estoppel against the Plaintiffs' TILA claim because it is the lender's responsibility to determine the purpose of the loan.** *See In re Dawson*, **411 B.R. 1, 35-36 (Bankr. D.D.C. 2008); Defendants' Special Instruction No. 6; Plaintiffs' Special Instruction No. 7 ("When a sophisticated borrower takes deliberate and calculated steps to mislead…").**