UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RHONDA DRAKEFORD, et al.,

Plaintiffs,

v.

CAPITAL BENEFIT, INC., et al.,

Defendants.

Case No.  20-cv-04161-WHO

**FINAL JURY INSTRUCTIONS**

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

**BURDENS OF PROOF**

To remind you, the facts must be proven by a required amount of evidence known as the burden of proof. There are two burdens of proof that you will apply in this case: preponderance of the evidence and clear and convincing evidence.

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**CHARTS AND SUMMARIES NOT RECEIVED INTO EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it is not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# IMPLICIT BIAS

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases. No matter how unbiased we think we are, our brains are hardwired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background. Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in this case. You must one, take the time you need to reflect carefully and thoughtfully about the evidence. Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion, or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another. You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions, and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

**EXPERT OPINIONS**

You have heard testimony from two experts James B. Hibert and Dennis H. Doss who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of those witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case

**USE OF NOTES**

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**TRUTH IN LENDING ACT (TILA) – INTRODUCTION**

The Truth in Lending Act (TILA) is a federal law passed to provide consumers with important information about the terms of loans so they can better understand the costs of borrowing. The Act provides additional protections for consumers who are borrowing money against their homes (principal dwelling). The requirements of the Truth in Lending Act can be technical, but Congress intended that this law be strictly enforced to protect homeowners from the loss of their homes.

United States District Court
Northern District of California

1

**TILA – INTENT**

2    A consumer does not need to prove that the lender intended to violate the Truth in Lending

3  Act in order to prove a violation.

4    TILA is a remedial, strict liability statute. The plaintiff, as the consumer, does not have to

5  show that she was deceived by the lender's failure to comply with the Truth in Lending Act. She

6  does not have to prove she suffered any actual damages as a result of the defendant's failure to

7  comply in order to recover statutory damages.  The plaintiff merely needs to show that the

8  defendant did not, in fact, comply with the requirements of the statute. Any defect in the

9  disclosure process of the material terms, even a technical defect, is a violation of the Truth in

10 Lending Act, even without any proof that the consumer was confused.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TILA – CONSUMER PURPOSE**

TILA only applies to loans where the "primary purpose of loan" was for Consumer Purposes and not Business Purposes.

Consumer Purpose means credit extended to a consumer primarily for personal, family, or household purposes.

Primarily means more than 50% of the proceeds of the loan.

The Burden of Proof is on plaintiffs to prove the primary purpose of the loan at issue.

The factors considered in determining whether the primary purpose of the loan at issue was for Consumer and not Business Purposes include: (i) the primary intent of plaintiffs in securing the loan; (ii) what, if anything, plaintiffs told defendants or Fred Mayer about the purpose for the loan; (iii) the disclosures made by plaintiffs in writing, directly or in communication with defendants or Fred Mayer, in the loan documents they signed; and (iv) the purposes to which the loan proceed were used.

No one factor controls the determination of primary purpose and all factual circumstances surrounding the transaction should be considered, but a critical factor in determining whether TILA applies to a loan is whether the lender was aware of the primary Consumer Purpose at the time the loan was made.

**TILA - LENDER DUTY TO DETERMINE IF TILA APPLIES**

It is the lender's duty to determine in each case if a loan is covered by TILA or not.

In this case, Marcel Bruetsch and Capital Benefit, Inc. undertook that duty on behalf of the lenders (Robert and Waltraud Williams' and Richard Westin, "Lenders" or "lender defendants") as their agent and were responsible for that determination.

**TILA - DELIBERATE STEPS TO MISLEAD LENDER OR CHANGE OF MIND**

When a sophisticated borrower takes deliberate and calculated steps to mislead a lender directly or through the lender's agent into believing that a loan is being obtained for Business Purposes, the borrower is not entitled to later invoke the protections of the TILA based upon an assertion that, notwithstanding what the lender was led to believe, the loan was actually obtained for Consumer Purposes. If you determine this occurred in this case, then you may determine that TILA does not apply.

If a borrower originally intended to use the loan proceeds primarily for a Business Purpose and so informed the lender or the lender's agent, and subsequently changed his or her mind and used loan proceeds primarily for Consumer Purposes, the loan will still be considered a Business Purpose loan as to which TILA does not apply (unless the Business Purpose designation was obtained by the lender or the lender's agent as a device to evade TILA requirements).

**REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) – INTRODUCTION**

The Real Estate Settlement Procedures Act (RESPA) requires that a mortgage loan be more than 120 days delinquent before a loan servicer makes the first notice or filing required to conduct a non-judicial foreclosure on that loan.  The parties have stipulated that defendants Marcel Bruetsch and Capital Benefit, Inc. were the loan servicer of the Drakefords' loan.

The Drakefords contend that Mr. Bruetsch and Capital Benefit violated RESPA by initiating foreclosure when the Drakefords were not yet 120 days delinquent on their loan payments.

To prevail on this claim, the Drakefords must prove the following:

- That the primary purpose of the loan was for Consumer Purposes and not for Business Purposes (applying the same standard as discussed for the TILA claim).

- That the loan was not yet 120 days delinquent when Capital Benefit commenced the foreclosure by recording the Notice of Default and Election to Sell Under Deed of Trust.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ROSENTHAL ACT - INTRODUCTION**

The Rosenthal Fair Debt Collections Practices Act is a "strict liability" statute.  This means that someone can be liable if they violated the Rosenthal Act whether they intended to violate it or not.  The Drakefords need not prove that Mr. Bruetsch or Capital Benefit, Inc. knew that they were violating or intending to violate the law to establish a Rosenthal Act violation.

The FDCPA measures a debt collector's behavior according to an objective "least sophisticated debtor" standard.  This standard ensures that the FDCPA protects all consumers, the gullible, the shrewd, the ignorant, the unthinking, and the credulous.

The Drakefords allege that the defendants Marcel Bruetsch and Capital Benefit, Inc. engaged in efforts to collect a consumer debt in a manner that violates California's Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act").

To prevail on their Rosenthal Act claim, the Drakefords must prove the following:

1.  That the primary purpose of the loan was for Consumer Purposes and not for Business Purposes (applying the same standard as discussed for the TILA claim).

2.  That Mr. Bruetsch and Capital Benefit, Inc. engaged in conduct that is prohibited by one or more provisions of the Rosenthal Act.

1

## ROSENTHAL ACT – PROHIBITED CONDUCT

2  Under the Rosenthal Act:

3  • Collecting mortgage payments or fees is "debt collection," whether the payments

4    are late or not.

5  • Pursuing foreclosure is also considered "debt collection."

6  The Rosenthal Act prohibits the following practices:

7  1. The use of any false, deceptive, or misleading representation or means in

8     connection with the collection of any debt or attempt to collect any debt;

9  2. The false representation of the character, amount, or legal status of any debt;

10  3. Threatening to take any action that cannot legally be taken in connection with

11     collecting a debt or attempting to collect a debt;

12  4. The use of any unfair or unconscionable means to collect or attempt to collect any

13     debt;

14  5. The collection of any amount (including any interest, fee, charge, or expense

15     incidental to the principal obligation) unless such amount is expressly authorized

16     by the agreement creating the debt or permitted by law; or

17  6. The collection or attempted collection of any debt that is void or illegal.

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# FIDUCIARY DUTY

Mortgage loan brokers owe what is known as a fiduciary duty to their clients.

As the only mortgage loan brokers involved in the loan transaction in this case, Marcel Bruetsch and Capital Benefit were fiduciaries to the Drakefords and owed the Drakefords a fiduciary duty in the loan transaction.

A fiduciary duty imposes on a mortgage loan broker a duty to act with the utmost good faith in the best interests of his client as well as an obligation to make a full and accurate disclosure of the terms of a loan to his clients.

Marcel Bruetsch and Capital Benefit, Inc. ceased being a mortgage loan broker, with respect to plaintiffs, when the loan closed.

**BREACH OF FIDUCIARY DUTIES – DISCLOSURE OF LOAN TERMS**

The Drakefords claim that Marcel Bruetsch and Capital Benefit, Inc. are liable to the Drakefords for breach of their fiduciary duties for failure to provide full and accurate disclosure of the loan terms.  To establish this claim, plaintiffs must prove that:

1.  Marcel Bruetsch and Capital Benefit, Inc. failed to meet their fiduciary obligation to make full and accurate disclosure of the terms of the loan;

2.  That the Drakefords were harmed by that failure; and

3.  That Marcel Bruetsch and Capital Benefit, Inc.'s conduct was a substantial factor in causing the Drakefords' harm.

**BREACH OF FIDUCIARY DUTIES – REASONABLE CARE**

The Drakefords claim that they were harmed by Marcel Bruetsch and Capital Benefit, Inc.'s breach of their fiduciary duty to use reasonable care. To establish this claim, the Drakefords must prove all of the following:

1. That in setting up the loan, Marcel Bruetsch and Capital Benefit, Inc. failed to act as a reasonably careful mortgage loan broker would have acted under the same or similar circumstances;

2. That the Drakefords were harmed by that failure; and

3. That Marcel Bruetsch and Capital Benefit, Inc.'s conduct was a substantial factor in causing the Drakefords' harm.

United States District Court
Northern District of California

1

**BREACH OF FIDUCIARY DUTY – DUTY OF UNDIVIDED LOYALTY**

The Drakefords claim that they were harmed by Marcel Bruetsch and Capital Benefit, Inc.'s breach of the fiduciary duty of loyalty. To establish this claim, the Drakefords must prove all of the following:

1. That Marcel Bruetsch and Capital Benefit, Inc. knowingly acted against the Drakefords' interests in connection with loan transaction;

2. That the Drakefords did not give informed consent to Marcel Bruetsch and Capital Benefit, Inc.'s conduct;

3. That the Drakefords were harmed by that conduct; and

4. That Marcel Bruetsch and Capital Benefit, Inc.'s conduct was a substantial factor in causing the Drakefords' harm.

**FIDUCIARY DUTIES OWED TO LENDERS**

Defendants Marcel Bruetsch and Capital Benefit, Inc. also owed fiduciary duties to the lender defendants in this case, Robert and Waltraud Williams and Richard Westin.

The fact that Mr. Bruetsch and Capital Benefit, Inc. owed fiduciary duties to the lenders does not reduce the fiduciary duties they owed to the Drakefords.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRINCIPAL IS CHARGED WITH KNOWLEDGE OF THE AGENT**

As against a principal (here the Lender Defendants), both principal and agent (here Marcel Bruetsch/Capital Benefit, Inc.) are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other.

United States District Court
Northern District of California

**FRAUDULENT MISREPRESENTATION COUNTERCLAIM**

If you determine that the loan falls under TILA, the Rosenthal Act, and RESPA as a loan secured primarily for Consumer Purposes, and not primarily for Business Purposes, defendants claim that the loan was only originated as a result of oral and written fraudulent representations intentionally made by plaintiffs and had defendants known the representations were false, they would not have arranged or made the loan.

To prove a claim for fraudulent misrepresentation, defendants must show the Drakefords made a false representation that harmed each of them.  To establish this claim, Bruetsch, Capital Benefit, Inc. and the Lenders must prove all of the following:

1.     That the Drakefords represented to them that a fact was true;

2.     That the Drakefords' representation was false;

3.     That the Drakefords knew that the representation was false when they made it, or that they made the representation recklessly and without regard for its truth;

4.     That the Drakefords intended that defendants rely on the representation;

5.     That defendants reasonably relied on the Drakefords' representation;

6.     That defendants were harmed; and

7.     That defendants' reliance on the Drakefords' representation was a substantial factor in causing their harm.

Reliance is established for fraudulent misrepresentation (and concealment and negligent misrepresentation claims discussed below) if:

1.     The misrepresentation or concealment substantially influenced defendants to make the loan;

2.     Defendants would probably not have made the loan without the misrepresentation or concealment.

It is not necessary for a misrepresentation or concealment to be the only reason for the defendants' conduct.

Reasonableness is established for the misrepresentation and concealment claims if:

The information misrepresented or concealed was material.  A matter is material if a

United States District Court
Northern District of California

reasonable person would find it important in deciding what to do.

If you decide that the matter is material, you must then decide whether it was reasonable for defendants to rely on the misrepresentation. In making this decision, take into consideration the defendants' intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a misrepresentation that is preposterous. It also is not reasonable for anyone to rely on a misrepresentation if facts that are within their observation show that it is obviously false.

**CONCEALMENT**

Defendants claim that they were harmed because the Drakefords concealed certain information.  To establish this claim, defendants must prove all of the following:

1. (a) That the Drakefords and defendants were determining whether to enter into a loan transaction; and

   (b) That the Drakefords intentionally failed to disclose certain facts to defendants;

2. That defendants did not know of the concealed fact[s];

3. That the Drakefords intended to deceive defendants by concealing the fact[s];

4. That had the omitted information been disclosed, defendants reasonably would have behaved differently;

5. That defendants were harmed; and

6. That the Drakefords' concealment was a substantial factor in causing the defendants' harm.

**NEGLIGENT MISREPRESENTATION COUNTERCLAIM**

If you determine that the loan falls under TILA, the Rosenthal Act, and RESPA as a loan secured primarily for Consumer Purposes, and not primarily for Business Purposes, defendants claim that the loan was originated as a result of oral and written negligent representations made by plaintiffs and had defendants known the representations were false, they would not have arranged or made the loan.

Defendants claim they were harmed because the Drakefords negligently misrepresented a fact. To establish this claim, defendants must prove all of the following:

1.      That the Drakefords represented to defendants that a fact was true;

2.      That the Drakefords' representation was not true;

3.      That although the Drakefords may have honestly believed that the representation was true, the Drakefords had no reasonable grounds for believing the representation was true when they made it;

4.      That the Drakefords intended that the defendants rely on this representation;

5.      That the defendants reasonably relied on the Drakefords' representation;

6.      That the defendants were harmed; and

7.      That the defendants' reliance on the Drakefords' representation was a substantial factor in causing their harm.

**MISREPRESENTATIONS MADE TO PERSONS OTHER THAN THE PLAINTIFF**

The Drakefords are responsible for a representation that was not made directly to defendants if they made an intentional or false representation to Fred Mayer expecting that it would be repeated to defendants, assuming the other elements of the misrepresentation claims are established by defendants.

**DAMAGES - GENERAL**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on any of their claims or defendants on any of their counterclaims, you must determine the parties' damages. Each side has the burden of proving their damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the party for any injury you find was caused by the other side.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

In determining the measure of damages, you should consider:

- The nature and extent of the harm, if any;
- The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future, if any; and
- The economic harm, if any.

Actual Damages/Economic Damages.  Economic damages are amounts a party was forced to pay or incur resulting from the other party's conduct.

Actual Damages/Noneconomic Damages.  Noneconomic damages include damages for: (i) past and future mental suffering; (ii) inconvenience; (iii) grief; (iv) anxiety; (v) humiliation; and (vi) emotional distress.  No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense. To recover for future mental suffering and emotional distress, the party must prove that they are reasonably certain to suffer that harm.  For future mental suffering and emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate the party for future mental suffering and emotional distress. This amount of noneconomic damages should not be further reduced to present cash value.

Nominal Damages.  If you find for a party, but you find that the party has failed to prove actual damages  you may award nominal damages.  Nominal damages may not exceed one dollar.

United States District Court
Northern District of California

1    <u>Statutory Damages</u>.  Statutory damages are damages that you may or must (as further

2  explained below) if you find defendants violated the Truth in Lending Act (TILA), the Rosenthal

3  Fair Debt Collections and Practices Act (Rosenthal Act), or the Real Estate Settlement Procedures

4  Act (RESPA).

## DAMAGES ON MULTIPLE LEGAL THEORIES

The plaintiffs and defendants seek damages under more than one legal theory on their claims (plaintiffs) and counterclaims (defendants). If liability if found, and for other than the statutory damages I just explained that are being sought by plaintiffs if they prove one or more statutes have been violated, each item of economic damages or non-economic may be awarded only once to each plaintiff or defendant, regardless of the number of legal theories alleged.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TILA DAMAGES

If you find that TILA applies in this case, then you must decide how much, if any, compensation the Drakefords are entitled to.

<u>Actual Damages</u>:  Under TILA, the Drakefords are entitled to recover their "actual damages" including economic and non-economic damages suffered as a result of the violation.

<u>Nominal Damages</u>:  If you find defendants violated TILA but plaintiffs have failed to prove actual damages as a result, you may award nominal damages not to exceed one dollar.

<u>Statutory Damages</u>:  Additionally, whether or not you award actual or nominal damages, if you find that TILA was violated, you must award statutory damages not less than $400 or greater than $4,000.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ROSENTHAL ACT DAMAGES**

If you find that Marcel Bruetsch or Capital Benefit, Inc. violated the Rosenthal Act, then you must decide how much, if any, compensation should be awarded to the Drakefords for that violation.

Actual Damages:  under the Rosenthal Act, the Drakefords are entitled to recover their "actual damages" including economic and non-economic damages suffered as a result of the violation.

Nominal Damages:  If you find defendants violated the Rosenthal Act but plaintiffs have failed to prove actual damages as a result, you may award nominal damages not to exceed one dollar.

Statutory Damages: Additionally, whether or not you award actual or nominal damages, if you find that the Rosenthal Act was violated, you must award statutory damages in any amount you determine up to $1000.

**RESPA DAMAGES**

If you decide that Mr. Bruetsch or Capital Benefit, Inc. violated RESPA, then you must decide how much, if any, compensation the Drakefords are entitled to for that violation.

Actual Damages:  Under RESPA, the Drakefords are entitled to recover their "actual damages" including economic and non-economic damages suffered as a result of the violation.

Nominal Damages:  If you find defendants violated RESPA but plaintiffs have failed to prove actual damages as a result, you may award nominal damages not to exceed one dollar.

Statutory Damages:  Additionally, whether or not you award actual damages, if you find that RESPA was violated, you may award statutory damages in any amount you determine up to $2000 if you also determine that Mr. Bruetsch or Capital Benefit, Inc. engaged in a pattern or practice of noncompliance with RESPA.

**BREACH OF FIDUCIARY DUTY DAMAGES**

If you decide that Mr. Bruetsch or Capital Benefit, Inc. violated their fiduciary duties to the Drakefords, then you must decide how much, if any, compensation the Drakefords are entitled to for that violation or those violations.

Actual Damages:  For a breach of fiduciary duty, the Drakefords are entitled to recover their "actual damages" including economic and non-economic damages suffered as a result of the violation(s).

Nominal Damages:  If you find plaintiffs have failed to prove actual damages as a result of a violation or violations of the fiduciary duty, you may award nominal damages not to exceed one dollar.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## MISREPRESENTATION COUNTERCLAIM DAMAGES

If you determine that the loan falls under TILA, the Rosenthal Act, and RESPA as a loan secured primarily for Consumer Purposes, and not primarily for Business Purposes, and that the loan was secured through fraudulent or negligent misrepresentations that were a substantial factor in causing harm to some or all defendants, you must decide how much money will reasonably compensate each harmed defendant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**PUNITIVE DAMAGES**

If you decide for plaintiffs on their Breach of Fiduciary Duty Claim against Marcel Bruetsch or Capital Benefit, or for defendants against one or both of the Drakefords on their fraudulent or negligent misrepresentation claims, you must decide whether that conduct justifies an award of punitive damages.

To be liable for punitive damages, you must decide – if liability has been established on one of these claims – whether the party seeking punitive damages has established by clear and convincing evidence that the opposing party engaged in that conduct with malice, oppression, or fraud.  The amount of punitive damages, if any, will be decided later.

"Malice" means that party liable acted with intent to cause injury or that the party's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences.

"Oppression" means that party's conduct was despicable and subjected the party seeking punitive damages to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that the party intentionally misrepresented or concealed a material fact and did so intending to harm the other side.

1

**UNCLEAN HANDS**

The affirmative defense of unclean hands, asserted by defendants against plaintiffs' claims and asserted by plaintiffs against defendants' counterclaims, demands that a party act fairly in the matter for which they seek a remedy in Court. They must come into court with clean hands, and keep them clean, or they will be denied relief, regardless of the merits of the claim. Not every wrongful act constitutes unclean hands.  But the misconduct need not be a crime or an actionable tort.  Any conduct that violates conscience, or good faith, or other equitable standards of conduct is sufficient cause to invoke the doctrine.  The misconduct that brings the unclean hands doctrine into play must relate directly to the cause at issue.  Past improper conduct or prior misconduct that only indirectly affects the problem before the court does not suffice.

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
Northern District of California

1

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

1     A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a

2   mistrial could result that would require the entire trial process to start over]. If any juror is exposed

3   to any outside information, please notify the court immediately.

1

**COMMUNICATION WITH COURT**

2  If it becomes necessary during your deliberations to communicate with me, you may send

3 a note through the Ms. Davis, the Courtroom Deputy, signed by any one or more of you.  No

4 member of the jury should ever attempt to communicate with me except by a signed writing. I will

5 not communicate with any member of the jury on anything concerning the case except in writing

6 or here in open court. If you send out a question, I will consult with the lawyers before answering

7 it, which may take some time. You may continue your deliberations while waiting for the answer

8 to any question. Remember that you are not to tell anyone—including the court—how the jury

9 stands, whether in terms of vote count or otherwise, until after you have reached a unanimous

10 verdict or have been discharged.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise Ms. Davis, the Courtroom Deputy, that you are ready to return to the courtroom.