1

2

3

4                 UNITED STATES DISTRICT COURT

5               NORTHERN DISTRICT OF CALIFORNIA

6

7   RHONDA DRAKEFORD, et al.,          .          Case No. _20-cv-04161-WHO_

8                Plaintiffs,

9        v.                                       **FORM OF VERDICT**

10   CAPITAL BENEFIT, INC., et al.,

11                Defendants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.   TRUTH IN LENDING ACT ("TILA") CLAIM

## A.   Applicability

Did the Drakefords obtain the loan at issue primarily for Business Purposes or primarily for Consumer Purposes?

_____Primarily Business Purposes __X__Primarily Consumer Purposes

If you check "Business Purposes," then proceed to Section IV.

If you checked "Consumer Purposes," then continue.

**B.     TILA Deliberate Steps to Mislead Lender by Sophisticated Borrower**

Do you find that Rhonda or Reginald Drakeford were sophisticated borrowers who took deliberate and calculated steps to mislead defendants into believing that the loan at issue was being obtained for Business Purposes?

Reginal Drakeford: _____ Yes __X__ No

Rhonda Drakeford: _____ Yes __X__ No

## II.   REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA") CLAIM

1.  Did the Drakefords obtain the mortgage loan primarily for Business Purposes or primarily for Consumer Purposes?

_____Primarily Business Purposes ___X___Primarily Consumer Purposes

Note: You must give the same answer to this question as you gave to the same question regarding TILA.

If you check "Business Purposes," then proceed to Section IV.  If you checked "Consumer Purposes," then continue.

2.  Did the defendants initiate foreclosure when the loan was less than 120 days delinquent?

___X___Yes _____No

United States District Court
Northern District of California

### III.   ROSENTHAL ACT

1. Did the Drakefords obtain the mortgage loan primarily for Business Purposes or primarily for Consumer Purposes?

_____Primarily Business Purposes  $\times$ Primarily Consumer Purposes

Note: You must give the same answer to this question as you gave to the same question regarding TILA.

If you check "Business Purposes," then proceed to Section IV.  If you checked "Consumer Purposes" then continue.

2. Did Mr. Bruetsch or Capital Benefit, Inc. engage in conduct that is prohibited by one or more provisions of the Rosenthal Act.

$\times$ Yes _____ No

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.    BREACH OF FIDUCIARY DUTY CLAIMS

1.  Did Defendants Marcel Bruetsch or Capital Benefit, Inc. breach fiduciary duties that they owed to the Drakefords?

__X__ Yes _____No

If Yes, proceed to next question.
If No, proceed to Section V.

2.  Were the Drakefords harmed?

__X__ Yes _____No

If Yes, proceed to next question.
If No, then proceed to Section V.

3.  Was the conduct of Marcel Bruetsch or Capital Benefit, Inc. a substantial factor in causing the harm?

__X__ Yes _____No

## V.   FRAUD COUNTERCLAIM

If you have concluded that the loan at issue was secured primarily for Consumer Purposes, then answer the following questions.  If you have concluded the loan at issue was secured primarily for Business Purposes, then proceed to Section VII.

1.   Did Reginald Drakeford make fraudulent misstatements or fraudulently conceal material information?

____ Yes _X_ No

2.   Did Rhonda Drakeford make fraudulent misstatements or fraudulently conceal material information?

____ Yes _X_ No

If you answered No to both of these questions, please go to Section VI.
If you answered Yes to either of these questions, please answer the following questions.

3.   We find the following defendants were damaged by that fraud:

Marcel Bruetsch/Capital Benefit, Inc.

Damaged?   _____ Yes _____ No

Robert V. Williams and Waltraud M. Williams

Damaged?   _____ Yes _____ No

Richard Westin

Damaged?   _____ Yes _____ No

NOT APPLICABLE

United States District Court
Northern District of California

## VI.   NEGLIGENT MISREPRESENTATION COUNTERCLAIM

If you have concluded that the loan at issue was secured primarily for Consumer Purposes, then answer the following questions.  If you have concluded the loan at issue was secured primarily for Business Purposes, then proceed to Section VII.

1.  Did Reginald Drakeford negligently make misrepresentations?

    _X_ Yes ___ No

2.  Did Rhonda Drakeford negligently make misrepresentations?

    _X_ Yes ___ No

If you answered No to both of these questions, please go to Section VII.
If you answered Yes to either of these questions, please answer the following questions.

3.  We find the following defendants were damaged by that negligence:

Marcel Bruetsch/Capital Benefit, Inc.

Damaged? ___X___ Yes _____ No

Robert V. Williams and Waltraud M. Williams

Damaged? ___X___ Yes _____ No

Richard Westin

Damaged? ___X___ Yes _____ No

United States District Court
Northern District of California

## VII.   DAMAGES - PLAINTIFFS

Please complete this section if you found for the Drakefords on any of their claims.

If you did not find for the Drakefords on any of their claims, proceed to Section VIII.

### A.   Economic Damages

1. What amount of compensation should be awarded to the Drakefords for their economic damages resulting from the TILA violation, if any?

$ _____ 0

2. What amount of compensation should be awarded to the Drakefords for their economic damages resulting from the Rosenthal Act violation, if any?

$ _____ 0

3. What amount of compensation should be awarded to the Drakefords for their economic damages resulting from the RESPA violation, if any?

$ _____ 0

4. What amount of compensation should be awarded to the Drakefords for their economic damages resulting from the breach(es) of fiduciary duties, if any?

$ 13,791.94

### B.   Non-Economic Damages

1. What amount of compensation should be awarded to the Drakefords for their non-economic damages resulting from the TILA violation, if any?

$ 0

2. What amount of compensation should be awarded to the Drakefords for their non-economic damages resulting from the Rosenthal Act violation, if any?

$ 0

3. What amount of compensation should be awarded to the Drakefords for their non-economic damages resulting from the RESPA violation, if any?

$ 0

4. What amount of compensation should be awarded to the Drakefords for their non-economic damages resulting from the breach(es) of fiduciary duties, if any?

$ 0

### C.   Statutory Damages

1. What amount of compensation should be awarded to the Drakefords as statutory damages for a violation of TILA?  (If you have found a TILA violation, statutory damages must be awarded).

$ 2,800.00

2. What amount of compensation should be awarded to the Drakefords as statutory damages for a violation of the Rosenthal Act?  (If you have found a Rosenthal Act violation, statutory damages must be awarded).

$ 700.00

3. What amount of compensation should be awarded to the Drakefords as statutory damages for a violation of RESPA, if you determined that Mr. Bruetsch or Capital Benefit, Inc. engaged in a pattern or practice of noncompliance with RESPA, if any?

$ 1,400.00

### D.   Punitive Damages

Did Defendant Marcel Bruetsch engage in conduct with malice, fraud, or oppression?

_____ Yes  X  No

United States District Court
Northern District of California

## VIII.   DEFENDANTS' COUNTERCLAIM DAMAGES

Please complete this section only if you determined that the loan falls under TILA, the Rosenthal Act, and RESPA as a loan secured primarily for Consumer Purposes, and not primarily for Business Purposes.

If you did not find for the Defendants on either of their counterclaims, proceed to Section IX.

We find the following defendants were damaged by the fraud or negligence in the following amounts:

**Economic and Non-Economic Damages**

Marcel Bruetsch/Capital Benefit, Inc.

Amount $ _O_____

Robert V. Williams and Waltraud M. Williams

Amount $ _O_____

Richard Westin

Amount $ _O_____

**Punitive Damages**

Did plaintiffs Reginald or Rhonda Drakeford engage in conduct with malice, fraud, or oppression?

_____Yes __X__No

IX.   **UNCLEAN HANDS**

We find that the following parties engaged in conduct that was unconscionable, in bad faith, or unfair:

Reginald Drakeford:                          _____ Yes  _X_ No

Rhonda Drakeford:                           _____ Yes  _X_ No

Marcel Bruetsch/Capital Benefit, Inc.:   _X_ Yes  _____ No

Robert V. Williams and Waltraud M. Williams:   _____ Yes  _X_ No

Richard Westin:                              _____ Yes  _X_ No

Darryl McKinnon

Darryl McKinnon

3/28/2022

Foreman